# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
November 30, 2017 Session[1]

## TIFFINNE WENDALYN GAIL RUNIONS ET AL. v. JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Madison County**
**No. C-14-46   Donald H. Allen, Judge**

_____

**No. W2016-00901-SC-R11-CV**

_____

The Tennessee Health Care Liability Act, Tennessee Code Annotated section 29-26-121(a)(1) (2012 & Supp. 2017), requires a person who asserts a potential health care liability claim to give written pre-suit notice of the claim to each health care provider that will be named a defendant at least sixty days before the complaint is filed. The question we address is whether the trial court erred by allowing the plaintiff to amend her complaint, after the expiration of the statute of limitations, to substitute as a defendant a health care provider to which the plaintiff had not sent pre-suit notice. The health care provider the plaintiff sought to substitute had knowledge of the claim based on pre-suit notice the plaintiff had mistakenly sent to another potential defendant. We hold that the plaintiff did not comply with the mandatory pre-suit notice provision of Tennessee Code Annotated section 29-26-121(a)(1) because she did not give written pre-suit notice of the potential claim to the health care provider she later sought to substitute as a defendant after the expiration of the statute of limitations. Although the health care provider learned about the claim based on the pre-suit notice the plaintiff sent to another potential defendant, this form of notification did not comply with the notice requirement of section 29-26-121(a)(1). Because the plaintiff did not comply with Tennessee Code Annotated section 29-26-121(a)(1), the 120-day filing extension under Tennessee Code Annotated section 29-26-121(c) is not applicable. Under Tennessee Rule of Civil Procedure 15.03, the filing date of the proposed amended complaint may relate back to the filing date of the original complaint. The plaintiff, however, filed the original complaint after the expiration of the statute of limitations. As a result, the plaintiff's motion to substitute the health care provider is futile because the amended suit would be subject to dismissal

---

[1] We heard oral argument on the campus of Lane College in Jackson, Tennessee, as part of our S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

based on the expiration of the one-year statute of limitations. The trial court erred by allowing the plaintiff to amend her complaint. We reverse the trial court and the Court of Appeals and remand this case to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Trial Court and the Court of Appeals Reversed; Case Remanded to the Trial Court**

SHARON G. LEE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Patrick W. Rogers, Jackson, Tennessee, for the appellants, Jackson-Madison County General Hospital District; West Tennessee Healthcare, Inc.; and West Tennessee Healthcare Network.

Mark N. Geller, Memphis, Tennessee, for the appellee, Tiffinne Wendalyn Gail Runions.

**OPINION**

**I.**

On November 9, 2012, Tiffinne Wendalyn Gail Runions gave birth to a baby at Jackson-Madison County General Hospital at 620 Skyline Drive in Jackson, Tennessee. Ms. Runions' baby died five days later.

On October 18, 2013, counsel for Ms. Runions sent pre-suit notice letters, asserting a health care liability claim, to seven entities, including Bolivar General Hospital, Inc. d/b/a Jackson-Madison County General Hospital, Inc.; West Tennessee Healthcare, Inc. d/b/a Jackson-Madison County General Hospital, Inc.; and West Tennessee Healthcare Network d/b/a Jackson-Madison County General Hospital, Inc.[2] Ms. Runions sent the notice letters to these entities by certified mail in care of Currie Higgs, their registered agent, whose address was also 620 Skyline Drive, Jackson, Tennessee. Ms. Higgs also served as general counsel for Jackson-Madison County General Hospital District ("the District"). The letters advised that, under Tennessee Code Annotated section 29-26-121(a), Ms. Runions was asserting a health care liability claim against them. The letters also included a list of the health care providers to which Ms.

---

[2] Ms. Runions also sent pre-suit notices to Armie W. Walker, M.D.; Elliott Clifton Roberts, M.D.; West Tennessee Healthcare, Inc. d/b/a West Tennessee Women's Center at Jackson-Madison County General Hospital d/b/a West Tennessee OB/Gyn Clinic; and West Tennessee Healthcare Network d/b/a West Tennessee Women's Center at Jackson-Madison County General Hospital d/b/a West Tennessee OB/Gyn Clinic.

Runions had sent notice and a HIPAA-compliant medical authorization,[3] as required by the statute.

On October 25, 2013, Laura Zamata, Director of Risk Management for the District, responded to Ms. Runions' notice of claim by letter stating:

> The District is a governmental entity and has elected to be self-insured, therefore, there is no insurance carrier.
>
> Please be advised that as the Director of Risk Management, I am your designated contact for the above referenced claim and all correspondence and telephone inquiries should be directed to me unless you are notified otherwise.

Ms. Zamata advised that her mailing address was "JMCGH, 620 Skyline Drive, Jackson, TN 38301." Ms. Zamata's letter was on West Tennessee Healthcare letterhead, which listed at the bottom of the page thirty-five health care-related entities, including Bolivar General Hospital, Jackson-Madison County General Hospital, West Tennessee Healthcare Foundation, West Tennessee OB/GYN Services, and West Tennessee Women's Center.

On March 6, 2014, after the expiration of the statute of limitations and within the 120-day filing extension under Tennessee Code Annotated section 29-26-121(c),[4] Ms. Runions filed a health care liability complaint in the Madison County Circuit Court against Bolivar General Hospital, Inc. d/b/a Jackson-Madison County General Hospital, Inc.; West Tennessee Healthcare, Inc. d/b/a Jackson-Madison County General Hospital, Inc.; and West Tennessee Healthcare Network d/b/a Jackson-Madison County General

---

[3] HIPAA is an acronym for the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 (codified as amended in scattered sections of 18 U.S.C., 26 U.S.C., 29 U.S.C., 42 U.S.C.).

[4] Tennessee Code Annotated section 29-26-121(c) provides in part:

> When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. . . . In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any provider.

Tenn. Code Ann. § 29-26-121(c).

Hospital, Inc. The complaint alleged that the defendants' negligent conduct while Ms. Runions and her baby were patients at Jackson-Madison County General Hospital caused the baby's death.

The defendants answered, asserting, in part, that they were not proper parties because they provided no medical care to Ms. Runions or her baby at Jackson-Madison County General Hospital. Instead, the defendants contended that the District, which was not sued, owned and operated the Jackson-Madison County General Hospital. The defendants also asserted a statute of limitations defense.

The defendants moved for summary judgment,[5] arguing that they had provided no medical care to Ms. Runions or her baby. Relying on the affidavit of Ms. Higgs, the defendants further explained the status and relationship of the District and the defendants. According to the defendants, the District, a governmental entity, owns and operates Jackson-Madison County General Hospital. West Tennessee Healthcare Network, a governmental entity, is a managed care network that does not do business as Jackson-Madison County General Hospital, Inc.; provided no medical services to Ms. Runions or her baby; and is a subsidiary of the District with the District being its sole member. West Tennessee Healthcare, Inc. is a non-profit organization with no employees or licenses to operate health care facilities. Instead, West Tennessee Healthcare, Inc. is a real estate holding company for the District that provided no medical services to Ms. Runions or her baby and limits its activities to the ownership and leasing of property. Jackson-Madison County General Hospital, Inc. is not an active legal entity and provided no medical treatment to Ms. Runions or her baby. It was organized in 1992 as a non-profit corporation with the District as its sole member. In 1995, Jackson-Madison County General Hospital, Inc. amended its Charter to change its name to Bolivar General Hospital, Inc. and currently operates the Bolivar General Hospital in Hardeman County.

Ms. Runions responded to the motion, conceding that she had mistakenly sued Bolivar General Hospital, Inc. because it may not have provided health care services to her and her baby. She argued, however, that it was clear from the face of the complaint that she had intended to sue Jackson-Madison County General Hospital at 620 Skyline Drive, Jackson, Tennessee—whatever its name may be. Ms. Runions explained that a search for Jackson-Madison County General Hospital through the Tennessee Secretary of State's information service showed a listing for Bolivar General Hospital, Inc. with the mailing address of 620 Skyline Drive, Jackson, Tennessee, and that Ms. Higgs was

---

[5] The defendants' "Motion to Dismiss and/or for Summary Judgment" was supported with an affidavit from Ms. Higgs. Under Tennessee Rule of Civil Procedure 12.02, if, on a motion to dismiss for failure to state a claim under Rule 12.02(6), a party submits matters outside the pleadings and the matters are not excluded by the court, the court treats the motion as one for summary judgment under Rule 56. Tenn. R. Civ. P. 12.02. We therefore refer to the defendants' motion as a motion for summary judgment.

Bolivar General Hospital, Inc.'s registered agent at the same Skyline Drive address. The Secretary of State's information service also listed Jackson-Madison County General Hospital, Inc. as the "old" name of the facility now known as Bolivar General Hospital, Inc.

Ms. Runions asserted that on October 21, 2013, the District received actual notice of the claim through notice sent to its place of business at 620 Skyline Drive, Jackson, Tennessee, within the one-year statute of limitations period. According to Ms. Runions, the District knew or should have known that, but for the mistake in identity of the proper party, she would have sued the District. As for West Tennessee Healthcare, Inc. and West Tennessee Healthcare Network, Ms. Runions disputed whether these entities provided medical care. She contended that the trial court should allow her to proceed with discovery about their activities relating to the medical care she and her baby received at Jackson-Madison County General Hospital. Ms. Runions also argued that the statute of limitations did not bar her action.

Ms. Runions moved to amend her complaint to substitute the District for Bolivar General Hospital, Inc. d/b/a Jackson-Madison County General Hospital, Inc. with the amendment to relate back to the filing of the original complaint under Tennessee Rule of Civil Procedure 15.03.

The defendants responded that Ms. Runions gave pre-suit notice to Bolivar General Hospital, Inc.; West Tennessee Healthcare, Inc.; and West Tennessee Healthcare Network, but not to the District. Relying on *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582 (Tenn. Ct. App. 2013), the defendants argued that Ms. Runions could not cure her failure to comply with the pre-suit notice requirement under Tennessee Code Annotated section 29-26-121(a)(1) by relying on the relation back provision of Tennessee Rule of Civil Procedure 15.03.

Ms. Runions argued that she had complied with Tennessee Code Annotated section 29-26-121(a)(1) because Jackson-Madison County General Hospital, Inc. and the District received pre-suit notice, as acknowledged by Ms. Zamata's October 25, 2013 letter. Relying on *Hinkle v. Kindred Hospital*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215 (Tenn. Ct. App. Aug. 31, 2012), and *Brown v. Samples*, No. E2013-00799-COA-R9-CV, 2014 WL 1713773 (Tenn. Ct. App. Apr. 29, 2014), Ms. Runions contended that by giving actual notice to the place where she received medical treatment, she satisfied the mandatory pre-suit notice requirements of Tennessee Code Annotated section 29-26-121(a)(1).

The trial court denied the defendants' motion for summary judgment based on its finding that Ms. Runions sent pre-suit notice to the defendants as evidenced by the pre-suit notices and the letter of acknowledgement from Ms. Zamata on behalf of the

District.[6] The trial court allowed Ms. Runions to amend her complaint to substitute the District for Bolivar General Hospital, Inc.

The trial court and the Court of Appeals granted the motion of the District, West Tennessee Healthcare Network, and West Tennessee Healthcare, Inc. for an interlocutory appeal. The Court of Appeals considered two issues: whether the trial court erred by denying the defendants' motion for summary judgment based on Ms. Runions' non-compliance with Tennessee Code Annotated section 29-26-121 and the holding in *Shockley,* and whether the trial court erred by granting Ms. Runions' motion to amend her complaint to substitute the District as a defendant with the amended complaint relating back to the filing date of the original complaint under Tennessee Rule of Civil Procedure 15.03. *Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, No. W2016-00901-COA-R9-CV, 2017 WL 514583, at *3 (Tenn. Ct. App. Feb. 7, 2017).

The Court of Appeals affirmed the trial court, holding that Ms. Runions had complied with the pre-suit notice requirement of Tennessee Code Annotated section 29-26-121(a)(1) and that her motion to substitute the District as a defendant was not futile. 2017 WL 514583, at *8. The Court of Appeals reasoned that Ms. Runions may not have intended to give the District pre-suit notice, but the District received actual notice based on the letter of acknowledgement from Ms. Zamata on behalf of the District. 2017 WL 514583, at *7. The Court of Appeals found that notice is not accomplished when a related entity receives notice, but here, the District received *and* acknowledged receipt of pre-suit notice based on its close and interconnected relationship with the defendants. *Id.*

The Court of Appeals concluded that *Shockley* was distinguishable. *Id.* In *Shockley*, the plaintiff mistakenly gave notice to the wrong entity and later filed a health care liability case against that entity. 429 S.W.3d at 587. Upon realizing the error, the plaintiff moved to amend to substitute as a defendant the proper entity, which shared a business address and agent for service of process with the entity she had sued. *Id.* at 587–88. The trial court granted the plaintiff's motion to amend her complaint to substitute the correct health care provider. *Id.* at 588. Later, the trial court dismissed the case based on the plaintiff's failure to give pre-suit notice to the health care provider as required by Tennessee Code Annotated section 29-26-121(a)(1). *Id.* The Court of Appeals affirmed the dismissal, ruling that when a plaintiff does not give pre-suit notice to a potential defendant, proof that the potential defendant had actual or constructive notice is

---

[6] In their summary judgment motion, defendants West Tennessee Healthcare Network and West Tennessee Healthcare, Inc. argued that the trial court should dismiss the claims against them because they did not provide medical care to Ms. Runions or her baby. The trial court did not rule on this issue, and the defendants did not raise it in their motion for interlocutory appeal or in their Tennessee Rule of Appellate Procedure Rule 11 application. We, therefore, do not address this issue.

insufficient for compliance with Tennessee Code Annotated section 29-26-121(a)(1). *Id.* at 594.

Here, the Court of Appeals noted that in *Shockley*, although the health care provider substituted as a defendant may have received pre-suit notification, there was no letter of acknowledgement as there was from Ms. Zamata on behalf of the District which provided "clear and unambiguous proof" that the District knew of the potential health care liability claim. *Runions*, 2017 WL 514583, at *7. The Court of Appeals affirmed the trial court's decision to grant Ms. Runions' motion to amend her complaint based on its finding that the amendment would not be futile because the District had received and acknowledged receipt of pre-suit notice. 2017 WL 514583, at *8. Judge Gibson dissented from the majority's decision regarding pre-suit notice. 2017 WL 514583, at *8 (Gibson, J., dissenting). Judge Gibson did not agree that the acknowledgement letter from Ms. Zamata on behalf of the District distinguished the case from *Shockley* and constituted pre-suit notice to the District as required by Tennessee Code Annotated section 29-26-121(a)(1). 2017 WL 514583, at *8-9.

We granted the District's application for permission to appeal to address whether the trial court erred by granting Ms. Runions' motion to amend her complaint, after the expiration of the statute of limitations, to substitute the District as a defendant in place of Bolivar General Hospital, Inc.

**II.**

Tennessee Rule of Civil Procedure 15.01 allows a party to amend its pleadings once as a matter of course before a responsive pleading is served. Tenn. R. Civ. P. 15.01. If the opposing party has filed a responsive pleading, the party seeking to amend must obtain written consent of the adverse party or leave of court. Leave of court "shall be freely given when justice so requires." *Id.* Under Tennessee Rule of Civil Procedure 15.03, a party may be added or substituted, under certain conditions, after the statute of limitations has expired with the filing of the amended pleading relating back to the filing date of the original complaint. Tenn. R. Civ. P. 15.03. An amended pleading that substitutes a party will be considered filed on the date of the original pleading if the party to be substituted had notice of the suit during the limitations period, or within 120 days of the filing date, and knew or should have known that, but for a mistake about its identity, the original suit would have been brought against it. *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001).

Tennessee Rule of Civil Procedure 15.03 provides:

Whenever the claim . . . asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the

amendment relates back to the date of the original pleading. An amendment changing the party . . . against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Tenn. R. Civ. P. 15.03.

The purpose of Rule 15.03 is to "ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the institution of the action." *Doyle*, 49 S.W.3d at 856 (quoting *Bloomfield Mech. Contracting, Inc. v. Occupational Safety & Health Review Comm'n*, 519 F.2d 1257, 1262 (3d Cir. 1975) (construing Federal Rule of Civil Procedure 15(c)) (internal quotation marks omitted).

Trial courts have broad discretion to grant or deny motions to amend pleadings. *Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 741 (Tenn. 2013). We review a trial court's decision to grant or deny a motion to amend under an abuse of discretion standard. *Id.* (citing *Hawkins v. Hart,* 86 S.W.3d 522, 532 (Tenn. Ct. App. 2001)); *Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 374 (Tenn. 2007) (quoting *Welch v. Thuan,* 882 S.W.2d 792, 793 (Tenn. Ct. App. 1994)). "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012) (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)); *accord State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008).

In deciding whether to grant a motion to amend, one factor a trial court should consider is the futility of amendment.[7] Trial courts are not required to grant a motion to amend if the amendment would be futile. *Sallee v. Barrett*, 171 S.W.3d 822, 830 (Tenn.

---

[7] Other factors a trial court should consider "include 'undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, [and] undue prejudice to the opposing party . . . .'" *Cumulus Broad.*, 226 S.W.3d at 374 (quoting *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)); *accord Conley v. Life Care Ctrs. of Am., Inc.*, 236 S.W.3d 713, 723–24 (Tenn. Ct. App. 2007) (citing *Hall v. Shelby Cnty. Ret. Bd.*, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995)).

2005) (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 923 (Tenn. Ct. App. 1991)); *McCullough v. Johnson City Emergency Physicians, P.C.*, 106 S.W.3d 36, 47 (Tenn. Ct. App. 2002).

Resolving this issue requires us to determine whether Ms. Runions' motion to amend would be futile. Ms. Runions filed her original complaint after the expiration of the one-year statute of limitations applicable to health care actions, relying on the 120-day filing extension afforded by Tennessee Code Annotated section 29-26-121(c). The 120-day filing extension under Tennessee Code Annotated section 29-26-121(c) would apply only if Ms. Runions gave pre-suit notice to the District under Tennessee Code Annotated section 29-26-121(a)(1). The amended complaint may, under Tennessee Rule of Civil Procedure 15.03, relate back to the filing date of the original complaint, but the filing date of the original complaint was after the expiration of the statute of limitations. If Ms. Runions did not give pre-suit notice to the District, then it would be futile to allow her to file the amended complaint substituting the District because the cause of action would be time-barred by the statute of limitations.

So, we must determine whether Ms. Runions gave pre-suit notice to the District to entitle her to the 120-day extension of the filing date under Tennessee Code Annotated section 29-26-121(c). The answer depends on whether Ms. Runions complied with Tennessee Code Annotated section 29-26-121(a)(1) when the District learned about the claim through the pre-suit notice given to Ms. Higgs, the registered agent for the defendants, who also served as general counsel for the District.

The trial court denied the defendants' motion for summary judgment, ruling that Ms. Runions gave pre-suit notice to the District. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)).

The interpretation of Tennessee Code Annotated section 29-26-121 is a question of law that we review de novo with no presumption of correctness. *Bray v. Khuri*, 523 S.W.3d 619, 621 (Tenn. 2017); *Arden v. Kozawa*, 466 S.W.3d 758, 764 (Tenn. 2015). When determining the statute's meaning, we must determine and carry out the intent of the Legislature without broadening or restricting its scope. *Bray*, 523 S.W.3d at 621 (citing *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 553 (Tenn. 2013)); *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015) (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)). We begin with the

language chosen by the Legislature. *Arden*, 466 S.W.3d at 764. "We presume that every word in a statute has meaning and purpose and that each word's meaning should be given full effect as long as doing so does not frustrate the General Assembly's obvious intention." *Ellithorpe*, 479 S.W.3d at 827 (citing *Johnson*, 432 S.W.3d at 848). When statutory language is clear and unambiguous, we accord the language its plain meaning and ordinary usage in the context within which it appears, without a forced interpretation. *Bray*, 523 S.W.3d at 622; *Ellithorpe*, 479 S.W.3d at 827; *Stevens*, 418 S.W.3d at 553. We do not alter a statute or substitute our policy judgment for that of the General Assembly. *Armbrister v. Armbrister*, 414 S.W.3d 685, 704 (Tenn. 2013) (quoting *Britt v. Dyer's Emp't Agency, Inc.*, 396 S.W.3d 519, 523 (Tenn. 2013)).

Tennessee Code Annotated section 29-26-121(a)(1) requires a claimant to provide written notice to a potential defendant before filing a complaint alleging health care liability:

> Any person . . . asserting a potential claim for health care liability *shall give written notice of the potential claim to each health care provider that will be a named defendant* at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1) (emphasis added). To satisfy the pre-suit notice requirement, the claimant must within the statute of limitations[8] serve the notice by personal delivery or certified mail. *Id.* § 29-26-121(a)(3)-(4). When a plaintiff gives pre-suit notice to a health care provider under Tennessee Code Annotated section 29-26-121, the one-year statute of limitations is extended by 120 days. *Id.* § 29-26-121(c).

Pre-suit notice under Tennessee Code Annotated section 29-26-121(a)(1) is mandatory, not directory. *Arden*, 466 S.W.3d at 762; *Foster v. Chiles*, 467 S.W.3d 911, 915 (Tenn. 2015) (citing *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308–09 (Tenn. 2012)). Strict compliance with the pre-suit notice provision is required; substantial compliance is insufficient. *Arden*, 466 S.W.3d at 763; *Foster*, 467 S.W.3d at 915; *Myers*, 382 S.W.3d at 309. Tennessee Code Annotated section 29-26-121 ensures that a plaintiff give timely notice to a potential defendant of a health care liability claim so it can investigate the merits of the claim and pursue settlement negotiations before the start of the litigation. *Foster*, 467 S.W.3d at 915 (citing *Stevens*, 418 S.W.3d at 564). Pre-suit notice benefits the parties by promoting early resolution of claims, which also serves the

---

[8] The statute of limitations in health care liability actions is one year after the accrual of the cause of action. Tenn. Code Ann. § 29-26-116(a)(1) (citing Tenn. Code Ann. § 28-3-104(a)(1)).

interest of judicial economy. *See id.* The sanction for noncompliance with Tennessee Code Annotated section 29-26-121(a)(1) is dismissal without prejudice. *Id.* at 916.

Ms. Runions knew that she and her baby received medical treatment at Jackson-Madison County General Hospital, but she did not correctly identify the District as the owner and operator of Jackson-Madison County General Hospital. Instead, she identified and gave pre-suit notice to Bolivar General Hospital, Inc.; West Tennessee Healthcare, Inc.; and West Tennessee Healthcare Network through their registered agent, Ms. Higgs, who also served as general counsel for the District. The District's Risk Manager acknowledged receipt of the notice and advised that she was the "designated contact for the above referenced claim." Therefore, the District knew of Ms. Runions' claim through pre-suit notice sent to three potential defendants. After the statute of limitations had expired and within the 120-day filing extension, Ms. Runions sued Bolivar General Hospital, Inc., West Tennessee Healthcare, Inc., and West Tennessee Healthcare Network. These defendants answered the complaint and moved for summary judgment asserting that they had provided no health care to Ms. Runions and her baby. Realizing her error, Ms. Runions moved to amend her complaint to substitute the District, which owned and operated Jackson-Madison County General Hospital, Inc. in place of Bolivar General Hospital, Inc. This proposed amendment would be futile if Ms. Runions cannot rely on the 120-day filing extension under Tennessee Code Annotated section 29-26-121(c) by showing that she complied with the mandatory pre-suit notice requirement of Tennessee Code Annotated section 29-26-121(a)(1) for the District.

To determine whether a plaintiff complies with the mandatory pre-suit notice provision of Tennessee Code Annotated section 29-26-121(a)(1) when the plaintiff does not give written notice of a claim to a health care provider, but that provider learns of the claim through pre-suit notice given to a different potential defendant, we review the language of Tennessee Code Annotated section 29-26-121(a)(1). The operative words are "Any person . . . asserting a potential claim for health care liability *shall give written notice* of the potential claim *to each health care provider* that will be a named defendant." (emphasis added). This language is clear, unambiguous, and requires strict compliance. The Legislature expressly provided that a plaintiff shall give pre-suit notice to the health care provider that will be a named defendant. This language can only mean that the plaintiff must communicate in writing directed to the potential defendant about the claim. We cannot read the statute to authorize indirect notice—that is, written notice of the claim directed to a potential defendant that another health care provider receives and even, as here, acknowledges receiving. Under the language of Tennessee Code Annotated section 29-26-121(a)(1), the proper inquiry is whether the plaintiff *gave* pre-suit notice to the health care provider to be named a defendant, not whether the health care provider knew about the claim based on pre-suit notice of the claim directed to another potential defendant.

We hold that a plaintiff does not comply with the mandatory pre-suit notice provision of Tennessee Code Annotated section 29-26-121(a)(1) when the plaintiff does not give written pre-suit notice to a health care provider that will be named as a defendant—even though that health care provider has knowledge of the claim based on pre-suit notice the plaintiff sent to another potential defendant. Tennessee Code Annotated section 29-26-121(a)(1) states that notice is to be given in writing to the health care provider to be named as a defendant at least sixty days before the complaint is filed. We are not free to add language to the statute to create an exception for when a health care provider becomes aware of the claim through some means other than pre-suit notice given to it by the plaintiff. We also cannot vary the language of the statute to allow a plaintiff to avoid compliance with the pre-suit notice statute when she does not correctly identify the potential defendant.[9] Our holding is dictated by the language of section 29-26-121(a)(1), which the Legislature enacted based on public policy considerations. We do not substitute our judgment about policy matters for that of the Legislature. *BellSouth Telecomms., Inc. v. Greer,* 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997). Our interpretation of Tennessee Code Annotated section 29-26-121(a)(1) is consistent with Tennessee Code Annotated section 29-26-121(a)(2), which requires pre-suit notice to include a HIPAA-compliant medical authorization permitting the health care provider receiving the notice to obtain complete medical records from each other health care provider sent the notice. Here, because Ms. Runions did not send pre-suit notice to the District, it did not receive a HIPAA-compliant medical authorization.

The issues here and in *Shockley v. Mental Health Cooperative, Inc.*, involve pre-suit notice but in different contexts. In *Shockley*, the issue was whether the suit should be dismissed based on the plaintiff's asserted failure to provide pre-suit notice. Here, the issue is whether it would be futile to allow a plaintiff to substitute a health care provider as a defendant after the expiration of the statute of limitations resulting from the plaintiff's asserted failure to provide pre-suit notice.

---

[9] Ms. Runions' cause of action arose in 2012, before the enactment of Tennessee Code Annotated section 29-26-121(a)(5), which provides:

> In the event a person, entity, or health care provider receives notice of a potential claim for health care liability pursuant to this subsection (a), the person, entity, or health care provider shall, within thirty (30) days of receiving the notice, based upon any reasonable knowledge and information available, provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant.

Tenn. Code Ann. § 29-26-121(a)(5). This section became effective April 24, 2015, and applies to causes of action arising on or after its effective date. 2015 Tenn. Pub. Acts, ch. 254, § 1.

In *Shockley*, the claimant filed a health care liability suit arising from the suicide of her brother while he was receiving care in a medical facility operated by the Mental Health Cooperative, Inc. ("the Cooperative"). *Shockley*, 429 S.W.3d at 584–85. Ms. Shockley mistakenly sent pre-suit notice letters to the Mental Health Cooperative Foundation, Inc. ("the Foundation") and Peggy Hoffman, the Foundation's agent for service of process. *Id.* at 587. Ms. Shockley sued the Foundation within the one-year statute of limitations period. *Id.* at 585. The Foundation and the Cooperative were separate and distinct entities; the Foundation was the Cooperative's fundraising entity and did not provide medical care. *Id.* at 585, 587. Ms. Hoffman, however, was the registered agent for both entities, and the pre-suit notice letters were sent to and received at the same address. *Id.* at 587. The trial court allowed Ms. Shockley to amend her complaint to substitute the Cooperative as a defendant in the place of the Foundation. *Id.* at 588. The trial court later dismissed the case based on Ms. Shockley's failure to comply with Tennessee Code Annotated section 29-26-121(a)(1) by failing to give pre-suit notice to the Cooperative. *Id.* The Court of Appeals affirmed, holding that the clear and ambiguous language of Tennessee Code Annotated section 29-26-121(a)(1) requires the plaintiff to give pre-suit notice to the provider that will be named as a defendant. *Id.* at 590. The Court of Appeals found that the Foundation was neither a health care provider nor a proper defendant, and pre-suit notice given to a party that is not to be named a defendant is of no effect under Tennessee Code Annotated section 29-26-121(a)(1). *Id.* In the *Shockley* court's view, "the question of whether a plaintiff complied with pre-suit notice does not turn on 'actual or constructive' notice; it turns on whether a plaintiff complied with Section 29-26-121." *Id.* at 594. Even though the Cooperative may have had knowledge of the potential claim because it had the same business address and the same registered agent as the Foundation, this "constructive" notice did not satisfy Tennessee Code Annotated section 29-26-121.

Here, the Court of Appeals reasoned that *Shockley* was distinguishable because the District acknowledged in writing that it had received notice; the plaintiff, therefore, had complied with Tennessee Code Annotated section 29-26-121. This, however, is a distinction without a difference. The key consideration is whether, under Tennessee Code Annotated section 29-26-121(a)(1), Ms. Runions gave written pre-suit notice to the District—not whether the District knew about the claim or whether it acknowledged that it had learned about the claim based on the pre-suit notice given to another potential defendant.

Here, as in *Shockley*, the plaintiff cannot proceed because she failed to give pre-suit notice, but for different reasons. Ms. Shockley filed her original suit within the statute of limitations, and so, the amendment to add the Cooperative was not futile because it related back to the filing date of the original complaint under Tennessee Rule of Civil Procedure 15.03. The complaint was later dismissed because Ms. Shockley did not give pre-suit notice. Ms. Runions filed her original suit after the statute of limitations

had expired, relying on the 120-day extension under Tennessee Code Annotated section 29-26-121(c). Because she did not give pre-suit notice to the District under Tennessee Code Annotated section 29-26-121(a)(1), Ms. Runions cannot rely on Tennessee Code Annotated section 29-26-121(c) to extend the filing date for her claim against the District by 120 days. Under Tennessee Rule of Civil Procedure 15.03, Ms. Runions' amended complaint could relate back to the filing of the original complaint, but the relation back would not make the amended complaint timely. As a result, Ms. Runions' motion to amend her complaint to substitute the District would be futile because she filed her original suit after the expiration of the statute of limitations.

Ms. Runions argues that pre-suit notice to the business address of the facility where she received treatment satisfied the pre-suit notice requirement of Tennessee Code Annotated section 29-26-121(a)(1), citing *Brown v. Samples*, No. E2013-00799-COA-R9-CV, 2014 WL 1713773 (Tenn. Ct. App. Apr. 29, 2014), and *Hinkle v. Kindred Hosp.*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215 (Tenn. Ct. App. Aug. 31, 2012). Neither the language of Tennessee Code Annotated section 29-26-121(a)(1) nor the holdings in *Brown* and *Hinkle* support this argument. Tennessee Code Annotated section 29-26-121(a) does not authorize pre-suit notice to be sent to the facility but states that when notice is mailed to a health care provider that is a corporation, it must be sent to both the address for the agent for service of process and the health care provider's business address, if different from that of the agent for service of process. Tenn. Code Ann. § 29-26-121(a)(3)(B)(ii). Implicit in this language is that a plaintiff must direct the notice to the health care provider and not to some other person or entity.

In *Brown* and *Hinkle*, the plaintiffs sent pre-suit notice to the intended health care providers, but the disputed issue was the manner of service. In *Brown*, the plaintiff asserted a health care liability claim against the University of Tennessee Medical Center and the University of Tennessee Graduate School of Medicine in Knoxville. 2014 WL 1713773, at *1. In April 2011, the plaintiff sent pre-suit notice to these potential defendants and later filed a claim against them with the Division of Claims Administration within the 120-day extension period. *Id.* After the claim was transferred to the Division of Claims, the State moved to dismiss, asserting that the plaintiff could not rely on the 120-day extension because she failed to serve pre-suit notice on the Tennessee Attorney General, the Assistant Attorney General, or the Division of Claims Administration.[10] 2014 WL 1713773, at *2. The Court of Appeals held that the plaintiff complied with Tennessee Code Annotated section 29-26-121(a)(1) by sending pre-suit notice to the University of Tennessee Graduate School of Medicine, a division of the State of Tennessee. 2014 WL 1713773, at *8. Nothing in Tennessee Code Annotated

---

[10] Tennessee Rule of Civil Procedure 4.04(6) requires process to be served on the State of Tennessee by delivering a copy to the Tennessee Attorney General or any assistant attorney general. Tenn. R. Civ. P. 4.04(6).

section 29-26-121 at that time addressed the proper agent for service of process for the State for pre-suit notice. 2014 WL 1713773, at *7-8.

In *Hinkle*, the plaintiff sent pre-suit notice of a claim against Kindred Hospital to its Chief Administrator at the Hospital's address. 2012 WL 3799215, at *2. The plaintiff did not send notice to Kindred Hospital's agent for service of process. The Court of Appeals held that notice was sufficient because there was no objection to the alleged failure of service on the agent for service of process, no confusion about which entity was to be named a defendant, and Kindred Hospital received actual notice. 2012 WL 3799215, at *7. Unlike this case, the plaintiff in *Hinkle* directed notice to the defendant, not to another potential defendant. The disputed issue was the plaintiff's method of giving notice, not whether the plaintiff gave pre-suit notice. *See id.*

### III.

We hold that the trial court erred by granting Ms. Runions' motion to amend to substitute the District as a defendant because this amendment would be futile. Ms. Runions did not comply with Tennessee Code Annotated section 29-26-121(a)(1) by giving the District written pre-suit notice; thus, she cannot rely on the 120-day filing extension of Tennessee Code Annotated section 29-26-121(c). Ms. Runions filed her complaint after the expiration of the statute of limitations, but within the 120-day extension. Although the proposed amendment may, under Tennessee Rule of Civil Procedure 15.03, relate back to the filing of the original complaint, the amended complaint would be barred by the statute of limitations. We reverse the decisions of the trial court and the Court of Appeals and remand this case to the trial court for further proceedings. The costs of this appeal are taxed to Tiffinne Wendalyn Gail Runions and any surety, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE