IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 6, 2018 Session

## MARTHA RENNER v. TAKOMA REGIONAL HOSPITAL, ET AL.

Appeal from the Circuit Court for Greene County
No. CC-17-CV536     Alex E. Pearson, Judge

_____

No. E2018-00853-COA-R3-CV
_____

This is a health care liability action in which the defendants filed a motion to dismiss based upon the plaintiff's failure to file a certificate of good faith with the complaint. The plaintiff then filed the required certificate. The defendants responded with motions for summary judgment with attached affidavits, attesting that a certificate of good faith was not attached to the original complaint. The plaintiff moved for voluntary dismissal. The court granted the plaintiff's motion and filed an order of voluntary dismissal. The defendants appeal, claiming that Rule 41.01 of the Tennessee Rules of Civil Procedure[1] prohibits the taking a voluntary nonsuit when a summary judgment motion is pending. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J. and D. MICHAEL SWINEY, C.J. joined.

Kelly S. Street, Heidi A. Barcus, Brett N. Mayes, Knoxville, Tennessee, for the appellants, Takoma Regional Hospital, Inc., Beth Bulawa, M.D., and Mark Andrew Murray, M.D.

Elizabeth M. Hutton, Charles T. Herndon, IV, K. Justin Hutton, Johnson City, Tennessee, for the appellant, Jim Brantner, M.D.

George Todd East, Kingsport, Tennessee, for the appellee, Martha Renner.

_____

[1] "[E]xcept when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties[.]"

## OPINION

## I.     BACKGROUND

Martha Renner ("Plaintiff") filed this health care liability action on December 14, 2017, against Tacoma Regional Hospital, Inc. ("Hospital"); Beth Bulawa, M.D.; Mark Andrew Murray, M.D., and James Brantner, M.D.[2] (collectively "Defendants"). Her claim arose from alleged malpractice committed on August 24, 2016, and September 11 through September 19, 2016.

Defendants filed motions to dismiss in February 2018,[3] alleging, inter alia, that Plaintiff failed to attach a certificate of good faith in violation of Tennessee Code Annotated Section 29-26-122.[4] On February 9, Plaintiff filed a certificate of good faith, dated December 14, 2017, with the court clerk via fax. Plaintiff also included a certificate of service certifying delivery to the Defendants.

In March 2018, Defendants filed motions for summary judgment, arguing that they were entitled to judgment as a matter of law due to Plaintiff's non-compliance with Section 29-26-122(a). Three affidavits were attached to the motion filed by Hospital and Drs. Bulawa and Murray, in which all parties attested that no certificate of good faith was included with the original complaint.

On April 6, Plaintiff filed a motion for voluntary nonsuit pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. Defendants objected, arguing that Rule 41.01 prohibits the taking a voluntary nonsuit when a summary judgment motion is pending. Plaintiff responded by asserting that the "proper way" to challenge her noncompliance with Section 29-26-122(a) was through a motion to dismiss, not summary judgment.[5]

---

[2] Suit was also filed against Patrick Costello, M.D. He too filed a motion to dismiss but never filed a motion for summary judgment. Accordingly, he is not a party to this appeal.

[3] Some defendants filed their responsive pleadings separately from the other defendants.

[4] "(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause."

[5] Defendants note that this response was untimely filed and that Plaintiff also failed to respond to the Defendants' Statement of Undisputed Facts.

The case proceeded to a hearing, after which the trial court entered an order of voluntary dismissal. The court explained its decision as follows:

> I'm going to find that the proper vehicle to challenge [compliance] is the motion to dismiss.
>
> I'm further going to find that the effort to file the motion for summary judgment, that it's in fact just a restyled motion to dismiss in that there are no facts that are necessary there. Basically, all we're doing is challenging the fact that the certificate wasn't there, and so I'm just going to find that it's a motion to dismiss and not a motion for summary judgment. Having made that finding, I'm going to enter the nonsuit that's been moved forward by [Plaintiff].

This timely appeal followed.

## II.    ISSUE

The sole and dispositive issue on appeal is whether the trial court erred in granting the motion for voluntary dismissal when motions for summary judgment were pending.

## III.    STANDARD OF REVIEW

This case presents an issue of law, which we review de novo with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.    DISCUSSION

As pertinent to this appeal, Tennessee Code Annotated section 29-26-122 provides as follows:

> (a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

* * *

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice.

The Tennessee Supreme Court has held that the "proper way" to challenge a plaintiff's compliance with the healthcare liability statutes is through a Tennessee Rule of Procedure 12.02(6) motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). Our court then provided the following further guidance:

> In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements *by referencing specific omissions in the complaint and/or by submitting affidavits or other proof*. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so.

*Id.* (Emphasis added.). However, the Tennessee Rules of Civil Procedure also provides a plaintiff with the "right" to take a voluntary nonsuit before the trial, except when a motion for summary judgment is pending. *See* Tenn. R. Civ. P. 41.01 ("[E]xcept when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties[.]").

Defendants argue that the court erroneously relied upon the language in *Myers* in considering the motion for summary judgment as a "restyled" motion to dismiss. Defendants explain that the Court in *Myers* did not address whether a defendant may alternatively seek summary judgment. They assert that they were entitled to request summary judgment at their own discretion and that once filed, the matter was no longer subject to an unrestricted right of voluntary dismissal. They cite a variety of cases in support of their assertion and note that their filing of the summary judgment motion should have been considered by the trial court pursuant to Rule 41.01. *See Runions v. Jackson-Madison Cty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 85 (Tenn. 2018) (considering the plaintiff's compliance in the context of a motion for summary judgment); *Kirby v. Sumner Reg'l Med. Ctr.*, No. M2015-01181-COA-R3-CV, 2016 WL 3914189, at *3 (Tenn. Ct. App. Jul. 12, 2016) (considering the plaintiff's compliance in the context of a motion for summary judgment because documents attached to the motion to dismiss necessarily converted the motion into one for summary judgment); and *West v. Amisub (SFH), Inc.*, No. W2012-00069-COA-R3-CV, 2013 WL 1183074, at *3-4 (Tenn. Ct.

App. Mar. 21, 2013) (considering the plaintiff's compliance in the context of a motion for summary judgment).

This appears to be an issue of first impression not yet specifically addressed by our courts. While Defendants found cases in which summary judgment was considered, based in part on a plaintiff's failure to comply with the health care liability statutes, these cases either did not address the language in *Myers* or are easily distinguishable by the facts presented. *See Runions*, 549 S.W.3d at 80-81 (requesting summary judgment, in part, because the defendant provided no medical care to the plaintiff); *Kirby*, 2016 WL 3914189, at *1-2 (considering a claim of extraordinary cause with supportive documentation). Here, both the motions to dismiss and for summary judgment related *solely* to the failure to file the certificate of good faith. The affidavits submitted to support summary judgment also related *solely* to the failure to file the required certificate and provided no new information concerning Plaintiff's compliance or additional grounds in support of the request for summary judgment. Under these circumstances, we conclude that the court did not err in treating the motions for summary judgment as restyled motions to dismiss pursuant to the Court's direction in *Myers*. *See generally Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008) (providing that a trial court is not bound by the title of the pleading or motion but has the discretion to treat the pleading in accordance with the actual relief sought). We further conclude that Plaintiff's right to take a voluntary nonsuit was not disturbed pursuant to Rule 41.01 and that the court did not err in entering an order of voluntary dismissal. *See Hurley v. Pickens*, 536 S.W.3d 419, 425 (Tenn. Ct. App. 2016) (affirming the court's entry of an order of voluntary dismissal while a motion to dismiss was pending).

## V.     CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Takoma Regional Hospital, Inc., Beth Bulawa, M.D., Mark Andrew Murray, M.D., and Jim Brantner, M.D.

_____
JOHN W. McCLARTY, JUDGE