IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 12, 2020 Session

## TRINA PETTY AS ADMINISTRATOR OF THE ESTATE OF IDA MAE EWING v. ROBERT BURNS MD PC D/B/A ROBERT BURNS MD

**Appeal from the Circuit Court for Shelby County**
**No. CT-005423-14  Felicia Corbin Johnson, Judge**

———————————————————

### No. W2019-00625-COA-R3-CV

———————————————————

This is a health care liability case.  The trial court granted Appellee's motion for summary judgment because, *inter alia*, Appellant failed to provide Appellee with the proper pre-suit notice under Tennessee Code Annotated section 29-26-121(a)(1).  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and CARMA DENNIS MCGEE, J., joined.

James E. King, Jr., Memphis, Tennessee, for the appellant, Trina Petty, as Administrator of the Estate of Ida Mae Ewing, deceased.

Katherine M. Anderson and Heather Colturi, Memphis, Tennessee, for the appellee, Robert Burns, M.D., P.C. d/b/a Robert Burns, M.D.

## OPINION

### I.  Background

Trina Petty, Administrator of the Estate of Ida Mae Ewing ("Appellant"), is the granddaughter of Ms. Ewing, who died on January 17, 2014 at the age of 86.  Prior to her death, Ms. Ewing was a resident of Graceland Nursing Center ("Graceland").  While at Graceland, Dr. Robert Burns was Ms. Ewing's primary care physician.  It is undisputed

that Ms. Ewing suffered from numerous medical issues, including diabetes, hypertension, vascular disease, and heart disease. In addition, both of Ms. Ewing's legs had been amputated below the knees. In October 2013, Ms. Ewing was diagnosed with a urinary tract infection ("UTI") after complaining of painful urination. At that time, Dr. Burns prescribed her antibiotics, which negated the infection.

On or about January 10, 2014, Ms. Ewing complained of severe leg and back pain. Graceland employees contacted Dr. Burns' office, and his partner, Dr. Sonal Mehr, prescribed pain medication. Dr. Mehr did not order urinalysis or bloodwork at that time. On or about January 12, 2014, Graceland employees noted that Ms. Ewing's left leg was cold, and that she was showing signs of mental confusion. On or about January 13, 2014, Graceland employees again contacted Dr. Burns' office to advise that Ms. Ewing was confused. At this time, Dr. Mehr ordered a complete blood count, a comprehensive metabolic panel, urinalysis and culture. However, before these tests were completed, Graceland notified Dr. Burns' office that Ms. Ewing was confused and that her leg was cold and painful to the touch. Dr. Mehr ordered that Ms. Ewing be transferred to the hospital.

On January 13, 2014, upon admission to the hospital, Ms. Ewing was diagnosed with severe sepsis, secondary to ischemic left stump, secondary to severe peripheral vascular disease, acute respiratory failure, acute renal failure, urinary tract infection, and septic shock. Attempts to restore blood flow to Ms. Ewing's leg were unsuccessful, and she died four days later on January 17, 2014. The cause of death was listed as severe sepsis, septic shock, acute respiratory failure, acute renal failure, and ischemic cardiomyopathy.

On August 26, 2014, Appellant sent pre-suit notice to "Robert Burns, M.D." and "Graceland Nursing Center, LLC" as required under the Healthcare Liability Act, Tennessee Code Annotated section 29-26-121(a)(1), discussed *infra*. On December 30, 2014, Appellant filed suit against "Robert Burns, M.D., P.C. d/b/a Robert Burns, M.D." ("Appellee") in the Shelby County Circuit Court ("trial court").[1] The complaint identified Dr. Burns as an employee of Robert Burns, M.D., P.C., and stated that while Ms. Ewing was at Graceland, Dr. Burns was her primary care physician. The complaint did not mention Dr. Mehr, but instead alleged that "Dr. Burns and/or his employees and/or agents" advised Graceland concerning how to care for Ms. Ewing in the days leading up to her death. Despite not being named as an individual defendant, on March 23, 2015, Dr. Burns answered the lawsuit. On April 18, 2018, Robert Burns, M.D., P.C. filed its answer.

On April 23, 2018, Dr. Burns and Robert Burns, M.D., P.C. filed a motion for

---

[1] Graceland was named initially as a defendant but was subsequently dismissed from the lawsuit after settling with Appellant.

summary judgment.  As is relevant to this appeal, Appellee alleged that: (1) Appellant failed to provide pre-suit notice to Robert Burns, M.D., P.C.; (2) Appellant failed to allege that Robert Burns, M.D., P.C. was vicariously liable for the acts of Dr. Mehr; and (3) Appellant's expert, Dr. James Sexson, failed to establish causation.  Appellant opposed summary judgment.  However, at the hearing on the motion, Appellant acknowledged that she did not intend to sue Dr. Burns in his individual capacity; rather, she sued the corporation, Robert Burns, M.D., P.C.  By order of March 18, 2019, the trial court granted summary judgment in favor of Appellee, finding, *inter alia*, that Appellant failed to provide pre-suit notice to Robert Burns, M.D., P.C., and that Appellant's expert could not establish causation to a reasonable degree of medical certainty.  Appellant appeals.

## II.  Issues

While Appellant raises three issues for our review, the dispositive issue is whether Appellant complied with Tennessee Code Annotated section 29-26-121 when her pre-suit notice was addressed to Robert Burns, M.D. and her lawsuit was filed against Robert Burns, M.D., P.C.

## III.  Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997).  This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied.  ***Abshure v. Methodist Healthcare-Memphis Hosps***., 325 S.W.3d 98, 103 (Tenn. 2010).  When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04.

## IV. Analysis

Tennessee Code Annotated section 29-26-121(a)(1) provides that

> [a]ny person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim **to each health care provider that will be a named defendant** at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1) (emphasis added).  It is undisputed that Appellant provided this notice to Robert Burns, M.D. rather than to Robert Burns, M.D., P.C., the

- 3 -

entity Appellant sued. Because Dr. Burns is the registered agent for the corporation, Robert Burns, M.D., P.C., Appellant argues that the pre-suit notice to Dr. Burns was sufficient to place the corporation on notice under Tennessee Code Annotated section 29-26-121(a)(1). To resolve this issue, we turn to our previous opinion in *Shockley v. Mental Health Cooperative, Inc.*, 429 S.W.3d 582 (Tenn. Ct. App. 2013).

In *Shockley*, Tiffany Shockley's brother committed suicide in a Crisis Stabilization Unit, which Mental Health Cooperative, Inc. operated. *Shockley*, 429 S.W.3d at 585. Individually, and as the personal representative of her brother's estate, Ms. Shockley filed suit against the "Mental Health Cooperative *Foundation*, Inc." *Id.* (emphasis added). It was undisputed that the Foundation was the fundraising organization for the Cooperative and never provided care to Ms. Shockley's brother. *Id.* The question on appeal was whether Ms. Shockley complied with Tennessee Code Annotated section 29-26-121(a)(1) when "her pre-suit notice to a health care provider contained a misnomer, i.e., Mental Health Cooperative *Foundation*, Inc. instead of Mental Health Cooperative, Inc." *Id.* at 589. In holding that Ms. Shockley's pre-suit notice was not sufficient, we explained that

> our Supreme Court['s holding] that the statutory requirement that any person asserting a health care liability claim "shall" give [a] defendant [a] 60-day pre-suit notice of the claim was mandatory, not directory, and therefore, strict, rather than substantial compliance with the notice statute, was required in order to maintain a medical malpractice action. *Myers* [*v. AMISUB (SFH), Inc.*, 382 S.W. 3d 300, 309 (Tenn. 2012)] ("The essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim before suit is filed. . . . The requirements of pre-suit notice of a potential claim under Tennessee Code Annotated section 29-26-121 . . . [is] fundamental to the validity of the respective statutes and dictate that we construe such requirement[ ] as mandatory.").

\*\*\*

> At Tennessee Code Annotated [s]ection 29-26-121(a)(1), the Legislature specifies that the pre-suit notice shall be given "to each health care provider that will be a named defendant." This language is clear and unambiguous and requires pre-suit notice be sent to the provider that will be named as a defendant.

*Shockley*, 429 S.W.3d at 590. We further explained that, "by its plain language, the statute requires that the notice be given to the defendant that will ultimately be required to defend the medical malpractice action." *Id.* at 594. In *Shockley*, the pre-suit notice was sent only to the Foundation, and no notice was sent to the Cooperative, which was

the defendant. *Id.* Similarly, here, the pre-suit notice was sent only to Robert Burns, M.D., not to Robert Burns, M.D., P.C., the defendant.

The Tennessee Supreme Court addressed a similar question in ***Runions v. Jackson-Madison County General Hospital District***, 549 S.W.3d 77 (Tenn. 2018). In that case, Tiffinne Runions gave birth at Jackson-Madison County General Hospital, and her baby died five days later. ***Runions***, 549 S.W.3d at 80. In her subsequent health care liability suit, Ms. Runions sent pre-suit notice to seven health care entities via certified mail in care of their joint registered agent, Currie Higgs. *Id.* Ms. Runions ultimately filed her health care liability action against three of these entities. *Id.* at 80-81. The defendants answered and asserted, *inter alia*, that: (1) they were not proper parties to the lawsuit; (2) they provided no medical care to Ms. Runions or her baby; and (3) that Jackson-Madison County General Hospital District owned the Jackson-Madison County General Hospital and was the proper defendant. *Id.* at 81. Ms. Runions moved to amend her complaint to substitute the District as a defendant, with the amendment relating back to the filing date of her original complaint. *Id.* at 82. *See also* Tenn. R. Civ. P. 15.03.[2] The question before the Supreme Court was whether the District received proper pre-suit notice under Tennessee Code Annotated section 29-26-121(a)(1) such that Ms. Runions could rely on the relation back provision of Tennessee Rule of Civil Procedure 15.03 to save her lawsuit. *Id.* at 82, 85. While Ms. Runions did not serve pre-suit notice on the District, it was undisputed that the District was aware of the lawsuit through the pre-suit that was sent to Ms. Higgs, the registered agent for the original named defendants and general counsel for the District. *Id.* at 85.

The Tennessee Supreme Court held that Ms. Runions' notice was not sufficient to satisfy the requirement of Tennessee Code Annotated section 29-26-121(a)(1). *Id.* at 90. Specifically, the Court explained:

> To determine whether a plaintiff complies with the mandatory pre-suit notice provision of Tennessee Code Annotated section 29-26-121(a)(1)

---

[2] Tennessee Rule of Civil Procedure 15.03 provides

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Tenn. R. Civ. P. 15.03.

when the plaintiff does not give written notice of a claim to a health care provider, but that provider learns of the claim through pre-suit notice given to a different potential defendant, we review the language of Tennessee Code Annotated section 29-26-121(a)(1). The operative words are "Any person . . . asserting a potential claim for health care liability *shall give written notice* of the potential claim *to each health care provider* that will be a named defendant." (emphasis added). This language is clear, unambiguous, and requires strict compliance. The Legislature expressly provided that a plaintiff shall give pre-suit notice to the health care provider that will be a named defendant. This language can only mean that the plaintiff must communicate in writing directed to the potential defendant about the claim. We cannot read the statute to authorize indirect notice— that is, written notice of the claim directed to a potential defendant that another health care provider receives and even, as here, acknowledges receiving. Under the language of Tennessee Code Annotated section 29-26-121(a)(1), the proper inquiry is whether the plaintiff *gave* pre-suit notice to the health care provider to be named a defendant, not whether the health care provider knew about the claim based on pre-suit notice of the claim directed to another potential defendant.

We hold that a plaintiff does not comply with the mandatory pre-suit notice provision of Tennessee Code Annotated section 29-26-121(a)(1) when the plaintiff does not give written pre-suit notice to a health care provider that will be named as a defendant—even though that health care provider has knowledge of the claim based on pre-suit notice the plaintiff sent to another potential defendant. Tennessee Code Annotated section 29-26-121(a)(1) states that notice is to be given in writing to the health care provider to be named as a defendant at least sixty days before the complaint is filed. We are not free to add language to the statute to create an exception for when a health care provider becomes aware of the claim through some means other than pre-suit notice given to it by the plaintiff. We also cannot vary the language of the statute to allow a plaintiff to avoid compliance with the pre-suit notice statute when she does not correctly identify the potential defendant. Our holding is dictated by the language of section 29-26-121(a)(1), which the Legislature enacted based on public policy considerations. We do not substitute our judgment about policy matters for that of the Legislature. **BellSouth Telecomms., Inc. v. Greer**, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997).

*Runions*, 549 S.W.3d at 87-88 (emphasis in original).

In granting Appellee's motion for summary judgment, the trial court found that Appellant's pre-suit notice letter was addressed to "Robert Burns, M.D." It further found

that

> the letter did not allege that it was being sent to "Robert Burns, M.D." as the registered agent for service of process for the corporation, "Robert Burns, M.D., P.C.," nor did it allege that any agent or employee of "Robert Burns, M.D., P.C." was a responsible party and thus, the corporation could not have been put on notice for any alleged negligent acts of Dr. Mehr. . . . Based upon its review of the applicable case law, the [c]ourt [held] that the content of a notice letter must strictly comply with the provisions of T.C.A. § 29-26-121. . . . The [c]ourt [held] that [Appellant] failed to strictly comply with the provisions of T.C.A. § 29-26-121. There [was] no evidence that Dr. Burns was served as the agent for the corporation.

We agree with the trial court. In light of **Runions** and **Shockley**, it is clear that Appellant failed to provide the defendant, Robert Burns, M.D., P.C., with pre-suit notice. Although the corporation may have obtained indirect notice of the claim through the pre-suit notice to Robert Burns, M.D., under **Runions**, we must strictly construe the statute. *See **Runions***, 549 S.W.3d at 87-88. As such, the proper inquiry is whether Appellant gave pre-suit notice to the actual defendant, not whether the defendant knew of the lawsuit by service of notice on another potential defendant. *See **Runions***, 549 S.W.3d at 87. Here, Appellant did not provide her sole defendant, Robert Burns, M.D., P.C., with the required pre-suit notice. As such, she did not satisfy the notice requirement of Tennessee Code Annotated section 29-26-121(a)(1), and the trial court's grant of summary judgment to Appellee was not error.[3]

We pretermit all remaining issues.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Trina Petty, as Administrator of the Estate of Ida Mae Ewing, for all of which execution may issue if necessary.

---

[3] We note that Tennessee Code Annotated section 29-26-121(b) provides that "the court has discretion to excuse compliance with [Tennessee Code Annotated section 29-26-121] only for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b). The Legislature did not define "extraordinary cause," but case law interprets it to mean "going beyond the ordinary degree, measure, limit, etc; very unusual; exceptional; remarkable," and suggests that it could include "illness of the plaintiff's lawyer, a death in that lawyer's immediate family, [or] illness or death of the plaintiff's expert in the days before the filing became necessary." **Shockley**, 429 S.W.3d at 595 (quoting **Myers**, 382 S.W. 3d at 310-11). Appellant failed to demonstrate extraordinary cause for her failure to provide pre-suit notice to Robert Burns, M.D., P.C., and she fails to make any argument concerning extraordinary cause on appeal.

_____

KENNY ARMSTRONG, JUDGE