IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 22, 2021 Session

## BONNIE S. BODINE v. LONG JOHN SILVER'S LLC

**Appeal from the Circuit Court for Marion County**
**No. 22462     Justin C. Angel, Judge**

_____

**No. M2021-00168-COA-R3-CV**
_____

This appeal arises from a premises liability action filed by Bonnie S. Bodine ("Plaintiff") against an incorrect defendant. After learning that she had sued the wrong defendant, Plaintiff waited over four months to file a "Motion to Correct Misnomer," requesting that she be permitted to "replace" the correct defendant in the action. This motion was not heard until five months later, after the defendant asked the trial court to place the case on the docket for both Plaintiff's motion and the defendant's summary judgment motion. The trial court denied Plaintiff's motion to correct misnomer and subsequent motion to alter or amend, citing Plaintiff's "extreme lack of due diligence." Plaintiff appeals. Because the trial court did not abuse its discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. McCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Derek M. Nelson, Chattanooga, Tennessee, for the appellant, Bonnie S. Bodine.

Alaric A. Henry and Chloe E. Kennedy, Chattanooga, Tennessee, for the appellee, Long John Silver's, LLC.

## OPINION

### I. BACKGROUND

Plaintiff filed her complaint in the Circuit Court for Marion County (the "trial court") on February 24, 2020, against Long John Silver's, LLC, individually and d/b/a Long John Silver's ("Defendant"). The complaint alleged that at all relevant times, "the defendant owned and operated on its premise[s] a restaurant known as the Long John

Silver's that was open to the general public." Plaintiff alleged that on February 25, 2019, Defendant "negligently permitted a hazardous concrete parking stop to exist in its parking lot in a place allowing for the passage of the Plaintiff as well as other patrons of Long John Silver's." The complaint averred that the acts and omissions had occurred at Defendant's restaurant in Kimball, Tennessee. According to Plaintiff, she was walking in the parking lot when her feet came into contact with the concrete parking stop, causing her to fall and sustain injuries to her back, legs, and arms. As a result, Plaintiff allegedly received abrasions and contusions on her body, as well as an injury to her left hip, which required medical treatment.

On appeal, Plaintiff acknowledges that on March 12, 2020, she received an email from counsel for Defendant "mentioning that JAK Foods, Inc. is the franchisee and mention[ing] that they have tendered the matter to JAK." The email, which is included in the record, is from Defendant's "National Litigation Counsel" and is addressed to Plaintiff's counsel. The email provides that the complaint "improperly names [Long John Silvers's, LLC] as a defendant" and that Defendant "did not own, operate, or control the subject restaurant and did not employ any of the individuals who may have worked there." In the email, Defendant's counsel requested that Plaintiff voluntarily dismiss the action against Defendant and stated that "[i]n an effort to allay any concern you may have over dismissal, I am willing to provide you with an affidavit which supports this information so that you will feel comfortable that you are dismissing a party which bears no responsibility for the alleged incident." The email from Defendant's counsel further states:

> At the time of the alleged incident, the restaurant was owned, operated, and controlled by a franchisee, JAK Foods, Inc. ("JAK"), which you may contact at the following address: 2401 Broad Street, #201, Chattanooga, TN 37408. We have tendered this matter to JAK and we expect that our tender will be accepted in the near future. We will request that JAK contact you to confirm the information contained in this email.

Plaintiff alleges she never received correspondence from JAK Foods, Inc., and Defendant was never voluntarily dismissed.

Defendant filed an answer on April 2, 2020, denying that it was the owner/operator of the Long John Silver's location where Plaintiff was allegedly injured and arguing that Defendant owed no duty to Plaintiff. Defendant filed a motion for summary judgment on June 11, 2020, requesting that the trial court dismiss with prejudice the action against it. Defendant included a memorandum of law in support of its motion; an affidavit by a senior paralegal employed by Defendant; and a statement of undisputed facts. In its motion, Defendant argued that the restaurant at issue is owned and operated by an independent franchisee and that Long John Silver's, LLC is not the owner or operator of the restaurant. According to Defendant, no material issue of fact existed, and Defendant owed no duty of care to Plaintiff, which is an essential element of her claim.

Defendant filed a request with the trial court to place the motion on the docket for July 28, 2020. Plaintiff subsequently filed a motion to hold the summary judgment motion in abeyance pending completion of discovery, with notice that her motion would also be heard on July 28, 2020. According to Plaintiff's motion, Plaintiff sent a discovery request to Defendant that remained unanswered and no deposition had been completed. Defendant responded to Plaintiff's motion, requesting that it be denied because Plaintiff had failed to file an affidavit setting forth reasons why additional time for discovery was necessary, as required by Tennessee Rule of Civil Procedure 56.07. In its response, Defendant acknowledged receipt of discovery requests and stated that a response would be provided prior to July 28, 2020, making delay of the summary judgment hearing unnecessary. Plaintiff thereafter filed an affidavit by counsel stating discovery was sent in June 2020 and that a response was received from Defendant on July 27, 2020. Plaintiff's counsel further stated in the affidavit that review of documentation received in discovery would be necessary for Plaintiff to effectively respond to the summary judgment motion, as well as the potential need for depositions or other additional discovery.

On July 28, 2020, the date the hearing was to occur on the pending motions, Plaintiff filed a "Motion to Correct Misnomer." Therein, Plaintiff argued that she had filed her complaint against two defendants, "Long John Silver's, LLC individually and Long John Silver's, LLC d/b/a Long John Silver's." According to Plaintiff, she intended to sue the owner/operator of the restaurant and the owner of the property, as evidenced by the substance of the Complaint. Plaintiff stated in her motion that she received a discovery response in July 2020 identifying JAK Foods, Inc. as the owner and operator of the restaurant and property. As such, Plaintiff's motion sought to correct the "misnomer" by amending the complaint "to substitute, JAK FOODS, INC., for Long John Silver's, LLC individually and d/b/a Long John Silver's," and requested that "the pleadings be amended so that JAK FOODS, INC. replaces Long John Silver's LLC, individually and d/b/a Long John Silver's anywhere they appear."

Plaintiff urged that the amendment would relate back to the original filing date, pursuant to Tennessee Rule of Civil Procedure 15.03. Plaintiff argued that JAK Foods, Inc. received timely notice of the action and that it should have known that but for the mistake regarding its identity, the action would have been brought against it. Plaintiff alleged that her counsel sent notice of the claim to the physical location of the restaurant on August 26, 2019; that at least one JAK Foods, Inc. employee was aware of the fall on the day it occurred; that Long John Silver's, LLC and JAK Foods, Inc. have a franchisor/franchisee relationship; and that "[t]he two are well acquainted with one another." Plaintiff attached to her motion an August 2019 letter that was directed to Long John Silver's in Kimball, Tennessee to the attention of Claims Management and stated as follows:

> Please be advised that this office represents Bonnie S. Bodine for personal injuries received in the captioned premises liability claim. We

- 3 -

request that all related photographs, video tapes, incident reports, statements, or other similar documents be preserved and a copy of these items be forwarded to us at the above address.

We would also appreciate your forwarding this letter to your premises liability insurance agent or adjuster along with a request that they contact our office at their earliest convenience.

Defendant responded to Plaintiff's motion, acknowledging that the action arose out of the same conduct, transaction or occurrence as the original complaint. Defendant argued that Plaintiff should have sued the proper party within the statute of limitations period, which expired on February 25, 2020, and that failure to do so was not due to a "mistake." According to Defendant, a cursory internet search would have revealed that Defendant was not the owner of the restaurant or the property, and Plaintiff also could have obtained this information by going to the restaurant location to make an inquiry. Defendant argued that Plaintiff had a duty to demonstrate due diligence and that the identity of JAK Foods, Inc. was readily identifiable prior to expiration of the statute of limitations.[1]

In October 2020, Defendant filed a request to place both Defendant's motion for summary judgment and Plaintiff's motion to correct misnomer on the docket for hearing on December 15, 2020. On December 9, 2020, Plaintiff filed her response to Defendant's statement of undisputed facts and her response to the summary judgment motion, requesting that the trial court deny the motion because an issue of material fact existed as to whether Defendant owed a duty of care to Plaintiff. According to Plaintiff, the franchise agreement between Defendant and JAK Foods, Inc. controls a number of issues concerning setup and operation of the franchise; includes Defendant's agreement to provide supervisory services, as well as periodic inspections and evaluations; requires a final inspection and approval of the restaurant by Defendant prior to the restaurant opening; and prohibits modification to the restaurant without prior written consent by Defendant. Thus, Plaintiff argued that Defendant continues to exercise a level of control over the restaurant and owes a duty of care to Plaintiff.

Both Defendant's summary judgment motion and Plaintiff's motion to correct misnomer were heard by the trial court on December 15, 2020. During the motion hearing, the trial court stated that the situation appeared to involve due diligence and explained that Plaintiff "could have discovered who [the proper defendant] was and got them in the suit and let them come to court and say that [Plaintiff] shouldn't have sued them yet." The trial court then denied Plaintiff's pending motion, determining that the motion should have been a motion to amend the complaint rather than a motion to correct misnomer and that a

---

[1] It is unclear from the record exactly what happened at the July 28, 2020 hearing; the only order in the record pertaining to that day is an agreed protective order regarding Defendant's franchise agreement with JAK Foods, Inc.

motion to amend was not properly before it. The trial court ultimately entered an order denying Plaintiff's motion.

The trial court also entered an order granting summary judgment in favor of Defendant, concluding that Defendant "had no duty to protect the Plaintiff from any alleged dangerous condition on the premises." The trial court found that the undisputed facts support that Defendant did not own or otherwise exercise control over the premises where the injury occurred, that it had no employees working on the premises, that the owner of the premises was not an agent of Defendant, and that Defendant was not involved in the day-to-day operations on the premises. The trial court therefore concluded that Defendant had negated an essential element of Plaintiff's claim.

Before the trial court entered its written orders, Plaintiff filed a motion to alter or amend, arguing that the motion to correct misnomer was properly before the trial court and should have been considered. According to Plaintiff, if the motion to correct misnomer had been granted by the trial court, the summary judgment motion would have been moot and Plaintiff would have been permitted to continue its action against the franchisee, JAK Foods, Inc. Plaintiff requested that the trial court "reconsider its rulings and whether Plaintiff may proceed with discovery so that she can attempt to continue her potential case against the franchisee."

The trial court subsequently entered an order denying Plaintiff's motion to alter or amend. In its order, the trial court noted that it "considered and noted the extreme lack of due diligence exhibited by the Plaintiff" and further stated that no additional due diligence was performed by Plaintiff from July 2020 to January 2021. Upon its consideration of the procedure of the case and the actions and omissions by Plaintiff, the trial court denied Plaintiff's motion to alter or amend. Plaintiff timely filed a notice of appeal to this Court.

## II. ISSUES

Plaintiff raises the following issue on appeal, which has been restated slightly:

Whether the trial court erred by denying Plaintiff's motion to correct misnomer and to allow additional discovery.

## III. STANDARD OF REVIEW

Both parties cite to the standard of review for motions to amend the pleadings. With respect to amendments, a trial court has broad discretion. *Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 84 (Tenn. 2018). As such, a trial court's decision concerning whether to grant or deny a motion to amend the pleading is reviewed for an abuse of discretion. *See Bidwell ex rel. Bidwell v. Strait*, 618 S.W.3d 309, 318 (Tenn. 2021). Our Supreme Court has explained that "[a] court abuses its discretion when it

applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Id.* (quoting *Runions*, 549 S.W.3d at 84) (other internal citations omitted).

## IV. ANALYSIS

At the outset, we address the contention in Plaintiff's brief that the trial court "erred in granting summary judgment . . . ." Defendant argues on appeal that Plaintiff has waived any issue concerning the trial court's grant of summary judgment by failing to comply with Tennessee Rule of Appellate Procedure 27. We agree. Plaintiff has not designated the grant of summary judgment as an issue for review. *See* Tenn. R. App. P. 27(a)(4); *see also Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (noting that an appellant's "issue may be deemed waived when it is argued in the brief but is not designated as an issue"). Further, Plaintiff makes no argument regarding the reasoning behind the trial court's grant of summary judgment in favor of Defendant, only stating that the decision was in error. A "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (quoting *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006)). Consequently, this issue is waived.

The only issue properly before this Court, then, is whether the trial court erred by denying Plaintiff's "Motion to Correct Misnomer" and her request seeking additional discovery concerning whether JAK Foods, Inc. was given timely notice of the action. While Plaintiff titled her motion "Motion to Correct Misnomer," Plaintiff actually sought to substitute JAK Foods, Inc., an entirely different party, as defendant after the statute of limitations was expired.[2]

Tennessee Rule of Civil Procedure 15.01 provides in pertinent part:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

Per Rule 15.01, once a defendant answers a complaint, the complaint may be amended only by written consent of the defendant or by leave of the trial court. *See* Tenn.

---

[2] Specifically, Plaintiff requested "that the pleadings be amended so that JAK FOODS, INC. replaces Long John Silver's LLC, individually and d/b/a Long John Silver's anywhere they appear."

R. Civ. P. 15.01. Rule 15.01 "does not, however, provide that leave to amend 'shall be given,' only that it 'shall be freely given' when justice requires it." *Padgett v. Clarksvillle-Montgomery Cnty. School System*, No. M2017-01751-COA-R3-CV, 2018 WL, 5881766, at \*4 (Tenn. Ct. App. Nov. 9, 2018) (citing *Waters v. Coker*, No. M2007-01867-COA-RM-CV, 2008 WL 4072104, at \*4 (Tenn. Ct. App. Aug. 28, 2008)). Courts have identified several considerations that, alone or in combination, may result in the trial court's denial of a motion to amend the pleadings, including (1) undue delay in filing the motion requesting the amendment, (2) lack of notice to an opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies with previous amendments, (5) futility of the proposed amendment, and (6) undue prejudice to an opposing party. *Hardcastle v. Harris*, 170 S.W.3d 67, 81 (Tenn. Ct. App. 2004). Regarding undue delay, this Court has explained:

> While delay alone is an insufficient basis for denying leave to amend, *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986), unexplained delay coupled with other factors may constitute "undue delay" within the meaning of the Rule as construed in *Foman v. Davis*, *Merriman v. Smith* and other cases. One such factor is where the party seeking to amend has known all of the facts underlying the amendment since the beginning of the litigation.

*March v. Levine*, 115 S.W.3d 892, 909 (Tenn. Ct. App. 2002).

In denying Plaintiff's motion, the trial court considered Plaintiff's delay and found an "extreme lack of due diligence" on Plaintiff's part. The trial court further considered that Plaintiff had not performed any "additional due diligence" while the motion was pending. Although Plaintiff argues on appeal that the trial court abused its discretion, we disagree.

First, it is unclear from Plaintiff's "Motion to Correct Misnomer" that she properly sought the trial court's permission to file an amended complaint against a new party, insofar as the relief sought by Plaintiff was simply "that the pleadings be amended so that JAK FOODS, INC. replaces Long John Silver's LLC, individually and d/b/a Long John Silver's anywhere they appear." Accordingly, we take no issue with the trial court's finding that a proper motion to amend was not before the court.[3] Further, even to the extent Plaintiff's motion may be construed as a motion to amend, the trial court did not abuse its discretion in denying the motion because Plaintiff has never offered a sufficient reason for the delay. Plaintiff filed her complaint against Defendant on February 24, 2020. Plaintiff admits that she received an email from defense counsel on March 12, 2020, informing her that JAK

---

[3] In her appellate brief, Plaintiff does not address the trial court's finding that a proper motion to amend was not before the court; rather, she focuses on the issue of notice and the argument that Plaintiff should have been allowed to take depositions.

Foods, Inc. was the franchisee. Thus, Plaintiff was aware of JAK Foods, Inc.'s existence as the correct party to sue from the outset of the litigation. Nonetheless, Plaintiff failed to file an amended complaint at that time in order to name the proper party. Thereafter, in April 2020, Defendant filed its answer denying that it was the owner or operator of the restaurant. After no request to amend the complaint for almost three months, Defendant then filed a motion for summary judgment in June 2020, asking the trial court to dismiss the action against it with prejudice.

Plaintiff was required to seek agreement from Defendant or leave from the trial court in order to amend her Complaint and add a new party. Tenn. R. Civ. P. 15.01. Under the facts of this case, we cannot say that the trial court abused its discretion in denying Plaintiff relief. Plaintiff had ample opportunity to properly move to amend her Complaint. Instead, she waited several months before filing a "Motion to Correct Misnomer," which was not filed until July 28, 2020, the day Defendant's summary judgment motion was to be heard. *See Padgett*, 2018 WL 5881766, at \*4 (quotations omitted) ("[I]t is well-settled in Tennessee that a trial court should deny a motion for leave to amend a complaint where the motion is an improper attempt to avoid the entry of summary judgment.").

Plaintiff argues on appeal that her delay in naming the correct party was due in large part to COVID-19 restrictions and the fact that "[d]epositions were particularly difficult during the pandemic." We are unpersuaded by this argument, however, because Plaintiff did not need to take a deposition to know that she sued the wrong entity. Plaintiff also relies on Tennessee Rule of Civil Procedure 15.03, which explains:

> An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiff argues on appeal that Rule 15.03 "allows for relation back in this case." Plaintiff avers that Defendant's counsel stated that the case would be tendered to JAK Foods, Inc., and that the correct defendant therefore had notice of the suit. Relation back pursuant to Rule 15.03 is not the issue, however, because the trial court concluded that, based on the procedural posture of the case, Plaintiff had not properly sought leave to amend her Complaint to add the correct party. Stated differently, we need not reach the issue of whether an amendment would relate back because the trial court denied Plaintiff the opportunity to amend at all based upon Plaintiff's lack of due diligence. And, as addressed above, this was not an abuse of discretion under all of the circumstances.

## V. CONCLUSION

The judgment of the trial court is affirmed.  Costs on appeal are assessed against the appellant, Bonnie S. Bodine, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE