IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 26, 2025 Session

**SUSAN ANDERSON, BY HER CONSERVATOR,
REBECCA WOODS, ET AL. v. ALEXIAN VILLAGE OF TENNESSEE**

**Appeal from the Circuit Court for Hamilton County**
No. 24C283          Michael J. Dumitru, Judge
_____

**No. E2024-00977-COA-R3-CV**
_____

In this health care liability action, the trial court dismissed the action with prejudice upon finding that the plaintiff had failed to comply with the pre-suit notice requirements found in Tennessee Code Annotated § 29-26-121. The plaintiff has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Michael M. Thomas and W. Neil Thomas, III, Chattanooga, Tennessee, for the appellant, Susan Anderson, by her conservators, Rebecca Woods and Southeastern Trust Company.

Daniel M. Stefaniuk and Brie Allaman Stewart, Chattanooga, Tennessee, for the appellee, Alexian Village of Tennessee.

**OPINION**

I. Factual and Procedural History

The plaintiff, Susan Anderson, by and through her conservator, Rebecca Woods[1] ("Conservator"), filed a complaint on February 21, 2024, in the Hamilton County Circuit Court ("trial court") against Alexian Village of Tennessee ("Alexian"), a rehabilitation facility located in Signal Mountain. Ms. Anderson stated in the complaint that she was a

---

[1] Ms. Woods was appointed conservator over the person of Ms. Anderson on February 15, 2017, by the Hamilton County Chancery Court, due to Ms. Anderson's disability status.

resident at Alexian and that in November 2022, Alexian employees had failed to provide proper care and services to her, including a failure to diagnose and properly treat sores on her body. Ms. Anderson also alleged that Alexian employees had failed to assess her needs and perform regular care protocols on an ongoing basis. Ms. Anderson further alleged, *inter alia*, that Alexian had failed to properly train its employees and provide sufficient staffing. Due to these purported failures, Ms. Anderson asserted that she had been suffering from bedsores and lesions that had become progressively more serious over time. Ms. Anderson thereby averred that Alexian had breached the standard of care applicable to nursing homes and had caused her damages.

Ms. Anderson attached to the complaint a copy of her contract with Alexian, which outlined the services that were to be provided to her. Ms. Anderson also attached a certificate of good faith in accordance with Tennessee Code Annotated § 29-26-122, a copy of the pre-suit notice letter sent in accordance with Tennessee Code Annotated § 29-26-121, an affidavit from Ms. Anderson's attorney stating that he had timely mailed the notice letter along with the postal receipt, and a copy of the HIPAA-compliant medical authorization. On February 23, 2024, Ms. Anderson filed an amended complaint adding Southeastern Trust Company, appointed as limited conservator of Ms. Anderson's estate, as an additional party plaintiff.

On April 1, 2024, Alexian filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6). Alexian asserted that Ms. Anderson had failed to comply with the notice requirement set forth in Tennessee Code Annotated § 29-26-121 because her pre-suit notice was deficient. Alexian stated that Ms. Anderson had (1) improperly directed her pre-suit notice to two former affiliates of Alexian, neither of whom had been associated with Alexian for at least five years; (2) failed to properly identify the name and address of the claimant authorizing the notice, in accordance with Tennessee Code Annotated § 29-26-121(a)(2)(B); and (3) failed to prove compliance by attaching a copy of the notices actually sent to Alexian. Due to these failures, Alexian requested that the trial court dismiss Ms. Anderson's complaint with prejudice.

On April 17, 2024, Ms. Anderson filed a motion to amend her complaint, seeking to add a copy of the affidavit and notice of intent to sue that had been sent to Alexian, along with the postal receipts. The attached notice letter, dated October 25, 2023, listed the recipients as "Michael Hambley, Chief Executive Officer," and "Jeffrey Ott, President," and was addressed to Alexian's business address. Ms. Anderson also filed a response in opposition to the motion to dismiss, arguing that she had substantially complied with the requirements of the statute because the notice letters were sent to Alexian's business address and an Alexian employee had signed for them. Ms. Anderson contended that even if the letters were inadvertently addressed to individuals who were no longer employed by the company, Alexian had clearly received notice of the claim and had even complied with subsequent requests for medical records.

Alexian filed a reply, arguing that neither Mr. Hambley nor Mr. Ott were employees or agents of Alexian at the time the pre-suit notice letters were sent. As such, Alexian urged the trial court to find that the notice was insufficient and that the requirements of the statute had not been met. Alexian also filed a response in opposition to the motion to amend, maintaining that the documents attached thereto were not true copies. Ms. Anderson filed a subsequent motion to amend on May 28, 2024.

The trial court entered an order on June 4, 2024, addressing the pending motions. The court found that the pre-suit notice sent by Ms. Anderson was insufficient because it was addressed to former employees of Alexian who were not named defendants in the matter and who were no longer employed by or agents of Alexian. In addition, the court noted that the letter stated it was providing notice of "a potential claim for medical negligence against you" and failed to mention a potential claim against Alexian, which was the actual defendant. The court further found that the notices attached to the proposed amended complaints "suffer[ed] from the same deficiencies." The court accordingly denied Ms. Anderson's motions to amend as futile, granted Alexian's motion to dismiss, and dismissed the lawsuit with prejudice. Ms. Anderson timely appealed.

## II. Issues Presented

Ms. Anderson presents the following issues for our review, which we have restated slightly:

1.      Whether the trial court erred by determining that a deficiency existed in the pre-suit notice sufficient to warrant dismissal of the action.

2.      Whether the trial court erred by failing to determine that Alexian had waived any deficiency in the pre-suit notice when Alexian complied with requests for documents sent after transmittal of the pre-suit notice but before filing of the motion to dismiss.

Alexian raises the following additional issue, which we have also restated slightly:

3.      Whether the trial court should have determined that Ms. Anderson also failed to comply with Tennessee Code Annotated § 29-26-121(a)(2)(B) by failing to properly identify the claimant in the pre-suit notice.

## III. Standard of Review

This appeal requires that we interpret the provisions of Tennessee Code Annotated § 29-26-121 concerning pre-suit notice. As our Supreme Court has explained, "interpretation of Tennessee Code Annotated § 29-26-121 is a question of law that we

review de novo with no presumption of correctness." *Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 85 (Tenn. 2018). The Court further elucidated:

> When determining the statute's meaning, we must determine and carry out the intent of the Legislature without broadening or restricting its scope. We begin with the language chosen by the Legislature. "We presume that every word in a statute has meaning and purpose and that each word's meaning should be given full effect as long as doing so does not frustrate the General Assembly's obvious intention." *Ellithorpe* [*v. Weismark*], 479 S.W.3d [818,] 827 [(Tenn. 2015)]. When statutory language is clear and unambiguous, we accord the language its plain meaning and ordinary usage in the context within which it appears, without a forced interpretation. We do not alter a statute or substitute our policy judgment for that of the General Assembly.

*Id.* at 85-86 (other internal citations omitted).

### IV. Sufficiency of Pre-Suit Notice

Ms. Anderson has asserted a health care liability claim, which is governed by Tennessee's Health Care Liability Act ("THCLA"), codified at Tennessee Code Annotated § 29-26-101, *et seq*. The THCLA requires that before filing a complaint, a plaintiff must provide pre-suit notice to any potential health care liability defendants in accordance with Tennessee Code Annotated § 29-26-121 (West April 24, 2015, to current), which provides:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability <u>shall give written notice of the potential claim to each health care provider that will be a named defendant</u> at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue;

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

- 4 -

(D)   A list of the name and address of all providers being sent a notice; and

(E)   A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(3)   The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:

(A)   Personal delivery of the notice to the health care provider or an identified individual whose job function includes receptionist for deliveries to the provider or for arrival of the provider's patients at the provider's current practice location. Delivery must be established by an affidavit stating that the notice was personally delivered and the identity of the individual to whom the notice was delivered; or

(B)   Mailing of the notice:

(i)   To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient; or

(ii)   To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner

to the provider's office or business address at the location where the provider last provided a medical service to the patient.

(Emphasis added.)

Here, it is undisputed that Ms. Anderson sent her pre-suit notice letter to:

Mr. Michael Hambley
Chief Executive Officer
Alexian Village of Tennessee
437 Alexian Way
Signal Mountain, TN 37377

Mr. Jeffrey Ott
President
Alexian Village of Tennessee
437 Alexian Way
Signal Mountain, TN 37377

The content of the letter stated that Ms. Anderson was "asserting a potential claim for medical negligence against you" (emphasis added). Although the letter was sent to Alexian's business address, the letter did not specifically mention a claim against Alexian.

The trial court determined that the pre-suit notice was insufficient pursuant to Tennessee Code Annotated § 29-26-121. In support, the trial court reasoned that because the letter was addressed to Mr. Hambley and Mr. Ott, neither of whom worked for Alexian at the time the letters were sent, and because the letter failed to mention a claim against Alexian, the letter "failed to satisfy the mandatory requirement[s] set forth in Tennessee Code Annotated § 29-26-121(a)(1)." Following our thorough review of the record and pertinent case law, we agree with the trial court.

Our Supreme Court clarified the THCLA's requirements for proper pre-suit notice in *Runions*, 549 S.W.3d at 86, wherein the Court stated:

Tennessee Code Annotated section 29-26-121(a)(1) requires a claimant to provide written notice to a potential defendant before filing a complaint alleging health care liability:

Any person . . . asserting a potential claim for health care liability *shall give written notice of the potential claim to each health care provider that will be a named defendant* at least

- 6 -

> sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1) (emphasis added). To satisfy the pre-suit notice requirement, the claimant must within the statute of limitations serve the notice by personal delivery or certified mail. *Id.* § 29-26-121(a)(3)-(4). When a plaintiff gives pre-suit notice to a health care provider under Tennessee Code Annotated section 29-26-121, the one-year statute of limitations is extended by 120 days. *Id.* § 29-26-121(c).

> Pre-suit notice under Tennessee Code Annotated section 29-26-121(a)(1) is mandatory, not directory. Strict compliance with the pre-suit notice provision is required; substantial compliance is insufficient. Tennessee Code Annotated section 29-26-121 ensures that a plaintiff give timely notice to a potential defendant of a health care liability claim so it can investigate the merits of the claim and pursue settlement negotiations before the start of the litigation. Pre-suit notice benefits the parties by promoting early resolution of claims, which also serves the interest of judicial economy. The sanction for noncompliance with Tennessee Code Annotated section 29-26-121(a)(1) is dismissal without prejudice.

(Other internal citations omitted.)

In *Runions*, the plaintiff sent pre-suit notice to the wrong defendant via its registered agent. *Id.* The registered agent also served as general counsel for the actual defendant. *Id.* The agent/general counsel acknowledged receipt of the notice and provided contact information, thereby arguably demonstrating that the actual defendant was aware of the potential claim. *See id.* at 87. However, the plaintiff never sent notice to the proper defendant before expiration of the statute of limitations, and when she subsequently filed her lawsuit within the 120-day filing extension, she failed once again to name the proper defendant. *See id.* The plaintiff later realized her error and moved to amend her complaint to substitute the proper defendant. *Id.* The trial court allowed the amendment and denied the defendants' motion for summary judgment; this Court affirmed that ruling on appeal. *Id.* at 82.

Our Supreme Court subsequently reversed, however, explaining:

> To determine whether a plaintiff complies with the mandatory pre-suit notice provision of Tennessee Code Annotated section 29-26-121(a)(1) when the plaintiff does not give written notice of a claim to a health care provider, but that provider learns of the claim through pre-suit notice given to a different potential defendant, we review the language of Tennessee Code Annotated section 29-26-121(a)(1). The operative words are "Any person .

- 7 -

. . asserting a potential claim for health care liability *shall give written notice* of the potential claim to each health care provider that will be a named defendant." (emphasis added). This language is clear, unambiguous, and requires strict compliance. The Legislature expressly provided that a plaintiff shall give pre-suit notice to the health care provider that will be a named defendant. This language can only mean that the plaintiff must communicate in writing directed to the potential defendant about the claim. We cannot read the statute to authorize indirect notice—that is, written notice of the claim directed to a potential defendant that another health care provider receives and even, as here, acknowledges receiving. Under the language of Tennessee Code Annotated section 29-26-121(a)(1), the proper inquiry is whether the plaintiff gave pre-suit notice to the health care provider to be named a defendant, not whether the health care provider knew about the claim based on pre-suit notice of the claim directed to another potential defendant.

We hold that a plaintiff does not comply with the mandatory pre-suit notice provision of Tennessee Code Annotated section 29-26-121(a)(1) when the plaintiff does not give written pre-suit notice to a health care provider that will be named as a defendant—even though that health care provider has knowledge of the claim based on pre-suit notice the plaintiff sent to another potential defendant. Tennessee Code Annotated section 29-26-121(a)(1) states that notice is to be given in writing to the health care provider to be named as a defendant at least sixty days before the complaint is filed. We are not free to add language to the statute to create an exception for when a health care provider becomes aware of the claim through some means other than pre-suit notice given to it by the plaintiff. We also cannot vary the language of the statute to allow a plaintiff to avoid compliance with the pre-suit notice statute when she does not correctly identify the potential defendant. Our holding is dictated by the language of section 29-26-121(a)(1), which the Legislature enacted based on public policy considerations. We do not substitute our judgment about policy matters for that of the Legislature. Our interpretation of Tennessee Code Annotated section 29-26-121(a)(1) is consistent with Tennessee Code Annotated section 29-26-121(a)(2), which requires pre-suit notice to include a HIPAA-compliant medical authorization permitting the health care provider receiving the notice to obtain complete medical records from each other health care provider sent the notice. Here, because [the plaintiff] did not send pre-suit notice to the District, it did not receive a HIPAA-compliant medical authorization.

* * *

- 8 -

> [The plaintiff] argues that pre-suit notice to the business address of the facility where she received treatment satisfied the pre-suit notice requirement of Tennessee Code Annotated section 29-26-121(a)(1), citing *Brown v. Samples*, No. E2013-00799-COA-R9-CV, 2014 WL 1713773 (Tenn. Ct. App. Apr. 29, 2014), and *Hinkle v. Kindred Hosp.*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215 (Tenn. Ct. App. Aug. 31, 2012). Neither the language of Tennessee Code Annotated section 29-26-121(a)(1) nor the holdings in *Brown* and *Hinkle* support this argument. Tennessee Code Annotated section 29-26-121(a) does not authorize pre-suit notice to be sent to the facility but states that when notice is mailed to a health care provider that is a corporation, it must be sent to both the address for the agent for service of process and the health care provider's business address, if different from that of the agent for service of process. Tenn. Code Ann. § 29-26-121(a)(3)(B)(ii). Implicit in this language is that a plaintiff must direct the notice to the health care provider and not to some other person or entity.

*See id.* at 87-89 (emphasis added) (other internal citations omitted).

The *Runions* Court compared the factual situation therein to that found in *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 584 (Tenn. Ct. App. 2013), an earlier decision from this Court involving proper pre-suit notice in a health care liability matter. In *Shockley*, the plaintiff sent notice to the "Mental Health Cooperative Foundation, Inc.," rather than to the proper defendant, "Mental Health Cooperative, Inc." *Id.* at 585. The *Shockley* Court affirmed the trial court's dismissal of the action, determining:

> At Tennessee Code Annotated Section 29-26-121(a)(1), the Legislature specifies that the pre-suit notice shall be given "to each health care provider that will be a named defendant." This language is clear and unambiguous and requires pre-suit notice be sent to the provider that will be named as a defendant. Here, it is undisputed that the Foundation was neither a health care provider, nor was the Foundation a proper defendant to this lawsuit. It is axiomatic that the proper party be given pre-suit notice under 29-26-121(a)(1). Sending the pre-suit notice to a party that is not going to be named as a defendant is of no effect under subsection 121(a)(1).

*Id.* at 590 (emphasis added).

Following our Supreme Court's decision in *Runions*, this Court was presented with another pre-suit notice issue in *Petty v. Robert Burns MD PC*, No. W2019-00625-COA-R3-CV, 2020 WL 1064847, at *1 (Tenn. Ct. App. Mar. 5, 2020). In *Petty*, the plaintiff sent pre-suit notice to "Robert Burns, M.D." and "Graceland Nursing Center, LLC," of health care liability claims the plaintiff eventually asserted against "Robert Burns, M.D., P.C.," the corporation that employed Dr. Burns and another physician, both of whom had

- 9 -

treated the plaintiff's decedent. *See id.* The corporation filed a motion for summary judgment, asserting, *inter alia*, that the plaintiff had failed to provide pre-suit notice to the corporation. *Id.* at *2. The trial court granted summary judgment on this basis. *Id.*

On appeal, the *Petty* Court affirmed the trial court's grant of summary judgment. *Id.* at *1. The plaintiff argued that because Dr. Burns was the registered agent for the corporation, sending pre-suit notice to Dr. Burns was sufficient to place the corporation on notice of the potential claim. *Id.* at *2. The *Petty* Court disagreed, based on the prior *Runions* and *Shockley* decisions. *See id.* at *3. The *Petty* Court expounded:

> In light of *Runions* and *Shockley*, it is clear that Appellant failed to provide the defendant, Robert Burns, M.D., P.C., with pre-suit notice. Although the corporation may have obtained indirect notice of the claim through the pre-suit notice to Robert Burns, M.D., under *Runions*, we must strictly construe the statute. *See Runions*, 549 S.W.3d at 87-88. As such, the proper inquiry is whether Appellant gave pre-suit notice to the actual defendant, not whether the defendant knew of the lawsuit by service of notice on another potential defendant. *See Runions*, 549 S.W.3d at 87. Here, Appellant did not provide her sole defendant, Robert Burns, M.D., P.C., with the required pre-suit notice. As such, she did not satisfy the notice requirement of Tennessee Code Annotated section 29-26-121(a)(1), and the trial court's grant of summary judgment to Appellee was not error.

*Id.* at *5 (footnote omitted). *See Breithaupt v. Vanderbilt Univ. Med. Ctr.*, No. M2021-00314-COA-R3-CV, 2022 WL 1633552, at *9 (Tenn. Ct. App. May 24, 2022) (holding that a *pro se* plaintiff's pre-suit notices, which were wrongly addressed or directed to the wrong entity, were insufficient despite the fact that one such notice was subsequently forwarded to the correct address, thereby arguably providing the defendant with constructive notice).

Following the *Petty* decision, this Court adjudicated another appeal regarding proper pre-suit notice, which is more factually similar to the case at bar. *See Webb v. Trevecca Ctr. for Rehab. & Healing, LLC*, No. M2019-01300-COA-R3-CV, 2020 WL 6581837 (Tenn. Ct. App. Nov. 10, 2020). In *Webb*, the plaintiff sent pre-suit notice to five employees of the defendant, Trevecca Center for Rehabilitation, LLC ("Trevecca"), at Trevecca's business address. *Id.* at *1. One such employee was Trevecca's administrator, but the letter neither mentioned her role as administrator nor specified that the potential claim was against Trevecca. *Id.* After the plaintiff filed suit against Trevecca and four of its employees, the trial court granted Trevecca's motion to dismiss based on insufficient pre-suit notice to Trevecca. *Id.*

On appeal, the *Webb* Court affirmed the trial court's dismissal based on insufficient pre-suit notice. *Id.* at *3. Relying heavily on the *Runions* and *Shockley* decisions, the

*Webb* Court determined that none of the letters had been specifically directed to Trevecca. *Id.* at *3. Moreover, the Court noted that the letter sent to the administrator failed to identify her in that role or to indicate that the claim was asserted against Trevecca and not the administrator herself. *Id.* With regard to the plaintiff's argument that Trevecca knew about the potential claim, the *Webb* Court stated, "the proper inquiry is whether the plaintiff gave pre-suit notice to the health care provider to be named a defendant, not whether the health care provider knew about the claim [from another source]." *Id.* at *2 (quoting *Runions*, 549 S.W.3d at 87). The *Webb* Court further clarified:

> We find [the plaintiff's] argument that the pre-suit notice requirement can be satisfied "through substantial compliance with Tenn. Code Ann. § 29-26-121(a)(3)(B)(ii)" unavailing. Substantial compliance with the service requirement in Tennessee Code Annotated § 29-26-121(a)(3)(B)(ii) cannot substitute for providing pre-suit notice to the proper defendant. As our supreme court explained, "Implicit in [the statutory] language is that a plaintiff must direct the notice to the health care provider and not to some other person or entity." *Runions*, 549 S.W.3d at 89. Notice directed to the wrong person or entity is ineffective. *Shockley*, 429 S.W.3d at 590.
>
> Pre-suit notice of a potential health care liability claim is mandatory. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309 (Tenn. 2012). Because [the plaintiff] did not provide pre-suit notice to Trevecca Center, the trial court properly dismissed the complaint. *See Foster v. Chiles*, 467 S.W.3d 911, 916 (Tenn. 2015).

*Id.* at *2-3.

Similarly, here, it is undisputed that Ms. Anderson sent a pre-suit notice letter addressed to two former employees of Alexian at Alexian's address. Although she did list their previous titles as part of the recipient's address portion of the letter, she included nothing in the body of the letter identifying Alexian as the potential defendant or otherwise indicating that her claim was actually against Alexian rather than the individuals. In fact, she stated in the letter that she was "asserting a potential claim for medical negligence against <u>you</u>" (emphasis added), thus indicating that her claim was against Mr. Hambley and Mr. Ott. As such, we conclude that Ms. Anderson failed to provide pre-suit notice to Alexian as required by Tennessee Code Annotated Section 29-26-121(a)(1). *See, e.g.*, *Webb*, 2020 WL 6581837, at *2-3. We reiterate the Supreme Court's directive in *Runions*: "Strict compliance with the pre-suit notice provision is required; substantial compliance is insufficient." *See Runions*, 549 S.W.3d at 86. Accordingly, Ms. Anderson's arguments that she substantially complied by sending the notice to Alexian's business address or by listing the former employees' titles are unavailing.

- 11 -

Moreover, we find Ms. Anderson's argument that Alexian waived any deficiency in the pre-suit notice by complying with requests for documents sent after transmittal of the pre-suit notice to be equally ineffectual. Ms. Anderson makes a similar argument to that made by the plaintiff in *Runions*, 549 S.W.3d at 87, who claimed that the actual defendant could not assert that it had no notice because the general counsel for the defendant had provided contact information and acknowledged receipt of the notice, even though the notice had been sent to the wrong party. Our Supreme Court disagreed, stating:

> Tennessee Code Annotated section 29-26-121(a)(1) states that notice is to be given in writing to the health care provider to be named as a defendant at least sixty days before the complaint is filed. We are not free to add language to the statute to create an exception for when a health care provider becomes aware of the claim through some means other than pre-suit notice given to it by the plaintiff. We also cannot vary the language of the statute to allow a plaintiff to avoid compliance with the pre-suit notice statute when she does not correctly identify the potential defendant. Our holding is dictated by the language of section 29-26-121(a)(1), which the Legislature enacted based on public policy considerations. We do not substitute our judgment about policy matters for that of the Legislature.

*Id.* Likewise, here, because Ms. Anderson failed to notify Alexian, the actual defendant, of her potential claim under the THCLA, we cannot rewrite the plain language of the statute to create an exception to the mandatory pre-suit notice provision simply because Alexian subsequently provided documents. We therefore conclude that the trial court properly dismissed Ms. Anderson's claim against Alexian for insufficient pre-suit notice.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of Ms. Anderson's health care liability claim against Alexian. We pretermit Alexian's alternative issue as moot. Costs on appeal are assessed to the appellant, Susan Anderson, by her conservators, Rebecca Woods and Southeastern Trust Company.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE