# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 17, 2025 Session

## ROMEASHEA SPRINGFIELD v. DARWIN ETON, M.D. ET AL.

### Appeal from the Circuit Court for Shelby County
No. CT-1549-22     Valerie L Smith, Judge

_____

### No. W2024-01024-COA-R3-CV

_____

In this healthcare liability case, appellant/patient appeals the trial court's grant of appellee/doctor's Tennessee Rule of Civil Procedure 12.02 motion to dismiss and its grant of appellee/doctor's employer's Tennessee Rule of Civil Procedure 12.03 motion for judgment on the pleadings. The trial court held that appellant failed to comply with the pre-suit notice requirements found in Tennessee Code Annotated § 29-26-121. As such, the statute of limitations barred appellant's claims against the doctor. Having granted the doctor's motion to dismiss, the trial court applied the common-law, operation-of-law exception to dismiss appellant's vicarious liability claims against the doctor's employer. Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Regina A. Guy, Memphis, Tennessee, and Sheila F. Campbell, North Little Rock, Arkansas, for the appellant, Romeashea F. Springfield.

Jonathan R. Martin, Jeffrey L. Griffin, and William L. Brantley, Memphis, Tennessee, for the appellee, Darwin F. Eton.

Christopher L. Vescovo and Rachel McCallister, Memphis, Tennessee, for the appellees, Shelby County Healthcare Corporation, and UT Regional One Physicians, Inc.[1]

_____

[1] Shelby County Healthcare Corporation d/b/a Regional One Health ("Regional One") is a defendant in this lawsuit. Although listed as an Appellee, the trial court did not enter an adjudicatory order regarding this defendant. Furthermore, although the trial court entered an order, under Tennessee Rule of Civil Procedure 54.02, making the case final and appealable as to Dr. Darwin F. Eton and UT Regional One Physicians, Inc. ("UTROP, and together with Dr. Eton, "Appellees"), the Rule 54.02 designation does

# OPINION

## I. Background

On January 16, 2021, Appellant Romeashea Springfield, who was 19 years old at the time, sustained an on-the-job injury to her right knee. Ms. Springfield was transported to Regional One, where Dr. Eton performed (or supervised) surgery to bypass Ms. Springfield's injured popliteal artery with a PTFE interposition graft. The graft failed, which necessitated corrective surgeries and procedures, which also failed. On January 23, 2021, Ms. Springfield's right leg was amputated above the knee.

At the time he treated Ms. Springfield, Dr. Eton was a locum tenens physician, who had been placed with UTROP through its contract with Hayes Locums, a nationwide locum tenens placement company. Angela Lawrence, the Health-Related Boards Director for the Tennessee Department of Health Licensure and Regulations Division, testified that Dr. Eton was issued a "Interstate Compact License" from the State of Tennessee in 2019. Between receiving his Tennessee medical license and the filing of this lawsuit, Dr. Eton's business address was: 2550 North Lakeview Avenue, N303, Chicago, Illinois 60614. It is undisputed that Dr. Eton's full business address was never listed on the Tennessee Department of Health's website. However, according to Ms. Lawrence, in January of 2022 (when Appellant sent the pre-suit notice letter), the website would have shown Dr. Eton's address as "Chicago, IL 60614" because this was the address he used on his application for a Tennessee medical license.

On April 22, 2022, Ms. Springfield filed this healthcare liability lawsuit against Regional One, Dr. Eton, and UTROP. As discussed further below, the Tennessee Health Care Liability Act ("THCLA"), Tennessee Code Annotated section 29-26-101, *et seq.*, requires plaintiffs to send pre-suit notice to all defendants. On January 5, 2022, Appellant's attorney mailed 60-day, pre-suit, notice letters to: (1) Regional One at 877 Jefferson Avenue, Memphis, TN; (2) UTROP at 877 Jefferson Avenue, Memphis, TN; and (3) Dr. Eton at 890 Madison Avenue, Memphis, TN 38103, which is the address for an ambulatory outpatient surgery center owned by Regional One.

Although Appellant mailed the three notice letters to two different addresses, all three of the letters arrived at the Regional One mail room, where Patrick Brooks, who was authorized by UTROP to sign for its certified mail, signed for all three letters. It is undisputed that Mr. Brooks was not Dr. Eton's authorized agent for receipt of certified mail. Nonetheless, Mr. Brooks testified that, after signing for Dr. Eton's letter, he put it in UTROP's mailbox. On March 15, 2022, more than two months after Dr. Eton's pre-suit notice was delivered, Brenda Shotwell, a Senior Risk Analyst at Regional One, emailed Karen Hayes, a Risk Manager at Hayes Locums, informing her that the "Risk Management

---

not extend to Regional One. As such, our holdings herein have no bearing on Regional One.

- 2 -

Department received a Notice of intent naming Dr. Eton in a potential Health Care Liability claim." On March 22, 2022, Ms. Shotwell emailed Ms. Hayes a scanned copy of Dr. Eton's pre-suit notice letter. The same day, *i.e.*, March 22, 2022, Ms. Hayes forwarded the pre-suit notice and medical-record authorizations to Dr. Eton via email.

On May 31, 2022, Dr. Eton filed a Tennessee Rule of Civil Procedure 12.02 motion to dismiss the lawsuit, wherein he argued that he was not served pre-suit notice under section 29-26-121(a)(3)(B) of the THCLA, *see discussion below*. Because Ms. Springfield allegedly did not comply with the statutory pre-suit notice requirements, Dr. Eton argued that the one-hundred-and-twenty-day extension of the statute of limitations under Tennessee Code Annotated section 29-26-121(c) did not apply. Thus, Dr. Eton asserted that Ms. Springfield's claims against him were time-barred. The parties conducted limited discovery on the question of "whether the Plaintiff complied with Tenn. Code Ann. § 29-26-121 as it pertains to the mailing of pre-suit notice to Darwin Eton, M.D." Thereafter, Ms. Springfield filed a response to Dr. Eton's motion to dismiss, wherein she argued that she complied with the pre-suit notice requirements because Dr. Eton's address did not appear on the Tennessee Department of Health's website, and 890 Madison, Memphis, Tennessee—where she sent the notice—constituted Dr. Eton's business address. In the alternative, Ms. Springfield argued that any failure to comply with the pre-suit notice requirement should be excused by extraordinary cause because she could not find Dr. Eton's address on the Department of Health website. On June 20, 2023, Ms. Springfield filed a supplemental response, wherein she argued, for the first time, that UTROP was an agent of Hayes Locums. As such, Ms. Springfield asserted that Dr. Eton could be served with pre-suit notice through UTROP.

On May 16, 2023, UTROP filed a Tennessee Rule of Civil Procedure 12.03 motion for judgment on the pleadings as to Ms. Springfield's claim for vicarious liability against UTROP based on the actions of Dr. Eton. UTROP alleged that because Dr. Eton did not receive the proper pre-suit notice, any claim of vicarious liability arising from his actions was abrogated by operation of law. Ms. Springfield opposed the motion.

By order of January 24, 2024, the trial court granted Dr. Eton's motion to dismiss and UTROP's motion for judgment on the pleadings. Specifically, the trial court concluded that "the steps taken by [Appellant] fall short of the mandatory requirements to give pre-suit notice within the statute" even though "[Appellant] used an incorrect address which happened to wind up providing notice." The trial court explained that, "[w]hether Dr. Eton provided an address or not is a question the Court need not ponder" because the "statute provides an alternative" mailing address *i.e.*, the current business address as opposed to the address on the website. Furthermore, the trial court noted that, "Nowhere in the Act is there language which contemplates or endorses the steps as were taken by [Appellant]." Finally, the trial court rejected Appellant's argument that extraordinary cause excused non-compliance with the pre-suit notice statute because "it is far from unusual that a physician might move or that an address on the Tennessee Department of Health website might not

be correct." The trial court concluded that, "[i]n this case, the notice was received and ultimately forwarded via email to Dr. Eton, but not as a result of compliance within the Act." Therefore, the trial court held that Ms. Springfield had not complied with the mandatory pre-suit notice requirements of the THCLA and dismissed Dr. Eton from the lawsuit because the statute of limitations had run on Ms. Springfield's claims against him.

On February 5, 2024, Ms. Springfield filed a motion to alter or amend the January 24, 2024 order, or, in the alternative, for interlocutory appeal. On February 8, 2024, Dr. Eton and UTROP filed separate motions asking the trial court to declare its January 24, 2024 order final and appealable under Tennessee Rule of Civil Procedure 54.02. By order of June 20, 2024, the trial court denied Ms. Springfield's motion to alter or amend and for interlocutory appeal. The trial court explained that it had considered and rejected Ms. Springfield's argument that "the contract between Darwin Eton, M.D. and Hayes Locums and the contract between Hayes Locum and [UTROP] effectively appointed [UTROP] as Dr. Eton's agent for purposes of receiving pre-suit notice as required by Tenn. Code Ann. § 29-26-121." Specifically, the trial court noted that such arrangement is "not contemplated by Tenn. Code Ann. § 29-26-121" and thus is not insufficient to provide pre-suit notice to Dr. Eton. Also on June 20, 2024, the trial court entered an order granting Dr. Eton and UTROP's motions to declare the case final and appealable as to Appellant's claims against them. On July 13, 2024, Ms. Springfield filed her notice of appeal.

## II. Issues

Ms. Springfield raises the following issues as stated in her brief:

1. Whether the trial court erred in granting the motion of Appellee Darwin Eton on the basis that Appellant failed to show that extraordinary cause prevented strict compliance with T.C.A. § 29-26-121(a)(3)(B).
2. Whether the trial court erred in granting the motion to dismiss of Appellee Darwin Eton on the basis that Appellant failed to substantially comply with T.C.A. § 29-26-121(a)(3)(B).
3. [The] Court erred in granting [UTROP's] motion for judgment on the pleadings as it relates to vicarious liability for Appellee Darwin Eton, M.D. is an error of law.

## III. Standard of Review

The Tennessee Supreme Court has observed:

The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02

- 4 -

motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance.

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). We review the trial court's dismissal of the complaint *de novo* with no presumption of correctness. *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 516 (Tenn. 2014). "In analyzing the legal sufficiency of the complaint, we must presume that all factual allegations in the complaint are true and construe them in favor of the plaintiff." *Foster v. Chiles*, 467 S.W.3d 911, 914 (Tenn. 2015) (citing *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011)).

Furthermore, because this healthcare liability case is governed by the THCLA, to the extent our analysis requires interpretation of those statutes, the Tennessee Supreme Court has explained, "interpretation of Tennessee Code Annotated § 29-26-121 is a question of law that we review de novo with no presumption of correctness." *Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 85 (Tenn. 2018). The Court further explained that,

[w]hen determining the statute's meaning, we must determine and carry out the intent of the Legislature without broadening or restricting its scope. We begin with the language chosen by the Legislature. "We presume that every word in a statute has meaning and purpose and that each word's meaning should be given full effect as long as doing so does not frustrate the General Assembly's obvious intention." *Ellithorpe* [*v. Weismark*], 479 S.W.3d [818,] 827 [(Tenn. 2015)]. When statutory language is clear and unambiguous, we accord the language its plain meaning and ordinary usage in the context within which it appears, without a forced interpretation. We do not alter a statute or substitute our policy judgment for that of the General Assembly.

*Id*. at 85-86 (other internal citations omitted).

### IV. Dismissal of Dr. Eton

We begin our analysis with Tennessee Code Annotated section 29-26-121(a)(1), the healthcare-liability pre-suit-notice statute requiring plaintiffs to give defendants written notice that a health care liability action is forthcoming. The statute provides, in relevant part that:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1). "Pre-suit notice is mandatory, and section 29-26-121(a)(1) demands strict compliance." *Arden v. Kozawa*, 466 S.W.3d 758, 762-63 (Tenn. 2015) (citing *Myers*, 382 S.W.3d at 309)). Tennessee Code Annotated section 29-26-121(a)(3) describes the proof that is sufficient to establish that the required pre-suit notice was accomplished. If, as in this case, a plaintiff chooses to mail the pre-suit notice to the health care provider, the requirement of pre-suit notice "is deemed satisfied if, within the statutes of limitations and statutes of repose . . . the following occurs . . . ":

> (B) Mailing of the notice:
>
> (i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient. . . .

Tenn. Code Ann. § 29-26-121(a)(3)(B)(i).

At the outset, we note that the fact Dr. Eton ultimately received notice of the lawsuit is not dispositive. As this Court has explained, "the proper inquiry is whether the plaintiff gave pre-suit notice to the health care provider to be named a defendant, not whether the health care provider knew about the claim [from another source]." *Webb v. Trevecca Ctr. for Rehab. & Healing, LLC*, No. M2019-01300-COA-R3-CV, 2020 WL 6581837, at *2 (Tenn. Ct. App. Nov. 10, 2020) (quoting *Runions v. Jackson-Madison County General Hosp. Dist.*, 549 S.W.3d 77, 87 (Tenn. 2018)). Thus, "[t]he key consideration" is whether, pursuant to section 29-26-121(a)(1), Ms. Springfield gave written pre-suit notice to Dr. Eton and not whether Dr. Eton "knew about the claim or whether [he] acknowledged that [he] had learned about the claim based on pre-suit notice given to another potential defendant." *Breithaupt v. Vanderbilt Univ. Med. Ctr.*, No. M2021-00314-COA-R3-CV, 2022 WL 1633552, at *10 (Tenn. Ct. App. May 24, 2022) (quoting *Runions*, 549 S.W.3d at 89).

- 6 -

Under section 29-26-121(a)(3)(B)(i), to properly serve Dr. Eton, Ms. Springfield was required to mail the notice letter to "the address listed for the provider on the Tennessee Department of Health website." Here, it is undisputed that Dr. Eton's address on the website was incomplete. As Ms. Lawrence testified, in January 2022, Dr. Eton's address on the website was listed as "Chicago, IL 60614." Obviously, this is not a complete mailing address. If Ms. Springfield had mailed the pre-suit notice to Dr. Eton at "Chicago, IL 60614," it would have been undeliverable. Thus, a valid mailing address necessarily would have "differe[d] from the address maintained by the Tennessee Department of Health." Tenn. Code Ann. § 29-26-121(a)(3)(B)(i). In such case, the statute requires the plaintiff to mail notice to the provider's "current business address." As explained by the United States District Court in *Guthrie v. Ball*, No. 1:11-cv-333, 2012 WL 4094526 (E.D. Tenn. Sept. 17, 2012), a case cited by Appellant:

> [T]he Court will accept that Plaintiff consulted the website and that there was no address for Rodgers on the Department of Health website. The applicable part of the TMMA states that notice must be mailed "[t]o an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health." Tenn. Code Ann. § 29-26-121. **Now that Plaintiff has more explicitly submitted that Rodgers did not maintain an address on the Department of Health website, it would seem an accurate reading of the statute would mean that Plaintiff could comply with the notice requirement by sending notice to Rodgers' current business address**.

*Guthrie v. Ball*, 2012 WL 4094526, at *4 (emphasis added). In short, having discovered that Dr. Eton's address on the website was incomplete, Appellant should have proceeded to determine his "current business address." Based on the incomplete information that was provided on the website, Ms. Springfield's attorney should have known that Dr. Eton's business address was somewhere in Chicago, Illinois and not in Memphis, Tennessee. Nonetheless, Appellant sent her pre-suit notice to Dr. Eaton at 890 Madison Avenue in Memphis. This was never Dr. Eaton's business address, nor did Dr. Eaton render any medical services to Appellant at this location. In her affidavit, Regina Guy, Ms. Springfield's counsel, stated, "If one googles Dr. Eton what comes up is an affiliation with UT Regional One Physicians as a vascular surgeon." Still, it is undisputed that 890 Madison, where Dr. Eton's notice letter was mailed, is not UTROP's address. In the same affidavit, Ms. Guy states, "[b]ecause [Appellant] was operated on by [] Eton as a vascular surgeon, I submitted Notice to [] Eton at Regional One Health Surgery including UT Regional One Physicians, PLLC by certified mail to 890 Madison Avenue." Again, 890 Madison is not the "current business address" for either Regional One or UTROP.

Turning to Appellant's extraordinary cause argument, we first note that the question of whether a plaintiff has demonstrated extraordinary cause that would excuse compliance with the pre-suit notice requirements is a mixed question of law and fact, and our review

of that determination is *de novo* with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. *Myers*, 382 S.W.3d 300, 307-308. Here, Appellant argues that her failure to serve Dr. Eton with pre-suit notice was excusable because his mailing address was not listed on the website. Appellant's argument is unpersuasive, and we agree with the trial court's conclusion that, "It is far from unusual that a physician might move or that an address on the Tennessee Department of Health website might not be correct." This is especially true here where the address listed on the website was not a valid/complete mailing address and where it indicated that the physician's business address was in Chicago. There is nothing in the record, or in Ms. Guy's affidavit, to show that there was any investigation into Dr. Eton's Chicago address, *i.e.*, his "current business address." In short, we agree with the trial court's conclusion that Appellant did not follow the procedures outlined in Tennessee Code Annotated section 29-26-121(a)(3)(B)(i); as such, Appellant failed to comply with the pre-suit notice requirement mandated by Tennessee Code Annotated section 29-26-121(a)(1). Under the circumstances of this case, there is no extraordinary cause that would excuse Appellant's failure to comply with the statutory requirement for notice. Because Dr. Eton was not served with pre-suit notice, the statute of limitations applicable to Appellant's claims against him expired, and he was properly dismissed from the lawsuit.

### V. Dismissal of UTROP

On May 16, 2023, UTROP filed a Tennessee Rule of Civil Procedure 12.03 motion for judgment on the pleadings. By its motion, UTROP sought dismissal of Appellant's sole claim against it, *i.e.*, vicarious liability for the actions of its alleged agent, Dr. Eton. UTROP argued that the common-law operation-of-law exception prohibited Appellant from bringing a vicarious liability claim against UTROP for the actions of Dr. Eton when Appellant's claims against Dr. Eton were procedurally barred by the statute of limitations. In support of its argument, UTROP relied, *inter alia*, on *Taylor v. Miriam's Promise*, No. M2017-01908-COA-R3-CV, 2019 WL 410700 (Tenn. Ct. App. Jan. 31, 2019), *perm. app. denied* (Tenn. June 20, 2019), *discussed infra*.

Appellant opposed UTROP's motion, citing the general rule that a plaintiff may sue a principal for vicarious liability for the acts of its agent without suing the agent. *See, e.g., Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 105 (Tenn. 2010) ("[A] plaintiff may sue a principal based on its vicarious liability for the tortious conduct of its agents without suing the agent."). That general rule applies "[e]ven where the agent's conduct is the sole basis for the principal's liability." *Id*. Therefore, it is ordinarily the plaintiff's choice whether "to sue the agent, the principal, or both." However, UTROP countered that, under the operation-of-law exception, a plaintiff is precluded from bringing a vicarious liability claim against a principal where the agent's liability to the plaintiff has been extinguished by operation of law. *Id.* at 106.[2] As such, UTROP argued that the

---

[2] The *Abshure* Court identified four situations in which the general rule does not apply and a

operation-of-law exception barred Appellant's vicarious liability claim against it.

The trial court postponed hearing on UTROP's motion pending the Tennessee Supreme Court's decisions in two pending cases, *Ultsch v. HTI Memorial Hospital Corporation*, 674 S.W.3d 851 (Tenn. 2023), and *Gardner v. St. Thomas Midtown Hospital*, 674 S.W.3d 834 (Tenn. 2023), both of which involved the interaction between the operation-of-law exception and the THCLA. After the Tennessee Supreme Court decided *Ultsch* and *Gardner*, the parties filed supplemental memoranda concerning the effect of those rulings on UTROP's motion.

In its January 24, 2024 order granting UTROP's motion, the trial court held that *Gardner* and *Ultsch* were distinguishable from the case at bar, and *Taylor* was more aligned with the facts presented here. Indeed, in both *Gardner* and *Ultsch*, the plaintiff claiming vicarious liability sued only the principal and not the agent. Here, as was the case in *Taylor*, Appellant sued both the agent (*i.e.,* Dr. Eton) and the principal (*i.e.*, UTROP). This is a distinction the *Gardner* Court noted: "This case is also distinguishable from *Taylor*. The plaintiff in *Taylor* sued both the principal and the agent but did not comply with the Act's pre-suit notice requirement as to the agent." *Gardner*, 674 S.W.3d at 844.[3] As correctly noted by the trial court, it is clear that the *Gardner* and *Ultsch* Courts did not intend to interpret the THCLA to abrogate the common-law operation-of-law exception in situations such as this where the plaintiff sues both the agent and the principal (based only on vicarious liability for the actions of its agent), and the claims against the agent are barred. Indeed, in both opinions, the Tennessee Supreme Court stressed that its opinion was limited to the "unique circumstances" of the facts of the case and explained that the Court's holding was a "narrow one." *Ultsch*, 674 S.W.3d at 861; *Gardner*, 674 S.W.3d at 842-43. As the majority emphasized, it did not "intend[] to abrogate the common-law framework for vicarious liability claims . . . in situations where its application to health care liability claims would not conflict with the Act." *Ultsch*, 674 S.W.3d at 861. Thus, the holding in *Ultsch* and *Gardner* is narrow—a conflict between the THCLA and the common-law operation-of-law exception arises by necessary implication only in the "unique" and "narrow" circumstances where the plaintiff sends pre-suit notice to the

---

plaintiff is precluded from exclusively pursuing a vicarious liability claim against the principal. 325 S.W.3d at 106. The first is "when the agent has been exonerated by a finding of non-liability." *Id*. The second is "when the plaintiff has settled its claim against the agent." *Id*. The third is "when the agent is immune from suit, either by statute or by the common law." *Id.*, and, as relevant here, the fourth—known as the operation-of-law exception—is "when the plaintiff's claim against the agent is procedurally barred by operation of law before the plaintiff asserts a vicarious liability claim against the principal." *Id*.

[3] The *Gardner* Court explained that "*Taylor* was designated 'not for citation.' Although the case may be cited to demonstrate a split of authority, *see* Tenn. Sup. Ct. R. 4(E)(2), it has no precedential value, *see id*. 4(E)(1) ("If an application for permission to appeal is hereafter denied by this Court with a 'Not for Citation' designation, the opinion of the intermediate appellate court has no precedential value.")." *Gardner*, 674 S.W.3d at 844. Likewise, we cite *Taylor* only to demonstrate the distinction between that case and the holdings in *Gardner* and *Ultsch*.

principal and files suit during the 120-day extension of the statute of limitations **and** the plaintiff chooses not to sue (and does not provide pre-suit notice to) the principal's agent. *Ultsch*, 674 S.W.3d at 857; *Gardner*, 674 S.W.3d at 839. These "unique" and "narrow" circumstances are not present here where Appellant chose to sue both agent and principal. Now, having affirmed the trial court's determination that Appellant's claims against the agent, Dr. Eton, were procedurally barred by the statute of limitations, the common-law operation-of-law exception bars Appellant's vicarious liability claim against UTROP. Because Appellant's sole claim against UTROP was for vicarious liability, the trial court did not err in dismissing UTROP from the lawsuit.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Romeashea F. Springfield. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE